**William Wayne BROOKS,
Plaintiff-Appellant,**

v.

**GREAT LAKES DREDGE–DOCK COMPANY, Defendant-Appellee.**

**No. 84–3109
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1984.

Rehearing Denied March 25, 1985.

Rivers, Beck & Lee, Larry W. Rivers, Robert L. Beck, Jr., Alexandria, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Edward J. Koehl, Jr., New Orleans, La., for defendant-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

William Wayne Brooks brought this action pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law, seeking to recover damages for personal injuries he allegedly sustained while working as a crew member aboard the dredge LOUISIANA. The jury awarded Brooks $23,000, but found that he was seventy-five percent contributorily negligent, thus reducing the judgment to $5,750. The plaintiff appeals, alleging that the district court erroneously instructed the jury as to the standard of care a seaman must exercise to protect himself. We find that since the jury was given an incorrect standard on a critical issue in the case, the error was not harmless. We therefore remand the case to the district court for a new trial.

## I.

Brooks claims that he was injured when a "clean out" pipe rolled, crushing the tip of his left toe, while he and other crew members were changing a flange in the main pump of the dredge. Brooks' injury required that the tip of his left toe be amputated. A second operation to remove a neuroma was also necessary, in an attempt to relieve the pain Brooks was suffering from the injury.

A clean-out pipe weighs between 800 and 1,400 pounds, and has arms or angles attached to it on either side that support a

grating walkway when the arms are in place. The arms are about three inches from the bottom of the pipe and prevent it from rolling more than one-and-one-half to three inches in either direction.

At the time of the accident, the clean-out pipe had been hoisted to the starboard side of the dredge, and lowered to its deck. Brooks and the crew were in the process of moving a throat ring flange, a twelve-inch section of twenty-eight-inch diameter pipe, weighing between 200 and 300 pounds, to a position on the deck near the clean-out pipe. Brooks testified that his injury occurred when the throat ring struck the clean-out pipe and forced it to roll.

The appellee, Great Lakes Dredge-Dock Company (Great Lakes), challenges Brooks' version of the accident. It contends that Brooks and other crew members had previously pushed and pulled on the pipe to ensure that it would not roll and that, in any event, the arms on the pipe prevented it from rolling more than three inches. It also claims that if the clean-out pipe did roll as a result of the throat ring hitting it, the pipe rolled away from Brooks, rather than toward him.

After a trial on the merits, the district court instructed the jury that contributory negligence is a failure on the part of the injured party to use *ordinary* care for his own safety under the circumstances at the time and place in question. Brooks objected to this instruction, and requested that the court inform the jury that a seaman has only a slight duty to protect himself in performing an assigned task. The court did not change the charge, noting that Brooks had not submitted any requested instructions as the pre-trial order had directed.

## II.

■ We begin our brief analysis in this case by noting that the general rule is that no party may appeal from the giving of an erroneous jury instruction, unless an objection is raised before the jury retires to consider its verdict. Fed.R.Civ.P. 51; 5A J. Moore, W. Taggart & J. Wicker, *Moore's*

*Federal Practice* ¶ 51.04 (2d ed. 1984). A party is required to state distinctly and precisely the grounds for the objection at the time it is made. *Id.* In the absence of a valid objection, this court ordinarily is precluded from considering the issue on appeal unless the failure to consider it would result in a miscarriage of justice. *Delesdernier v. Porterie*, 666 F.2d 116 (5th Cir.1982). A "miscarriage of justice" occurs when the erroneously given charge is probably responsible for an incorrect verdict, leading to a result that is manifestly unjust. *See Jamison Co. v. Westvaco Corp.*, 526 F.2d 922 (5th Cir.1976).

■ The test on appeal when there has been a proper objection to the jury instructions is whether, considering the instructions as a whole, the jury was misled or could have misunderstood the issues presented to it. *Coughlin v. Capital Cement Co.*, 571 F.2d 290 (5th Cir.1978). The instructions need not be perfect in every respect provided that the charge in general correctly instructs the jury, and any injury resulting from the erroneous instruction is harmless. *Kyzar v. Vale Do Ri Doce Navegacai, S.A.*, 464 F.2d 285 (5th Cir.1972).

■ The court instructed the jury that Brooks, a Jones Act seaman, was required to use ordinary care under the circumstances for his own safety at the time of the accident. This court, however, has consistently held that under the Jones Act, a seaman's duty to protect himself is not ordinary care, but slight care. *Thezan v. Martime Corp.*, 708 F.2d 175 (5th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984); *Savoie v. Otto Candies, Inc.*, 692 F.2d 363 (5th Cir.1982); *Bobb v. Modern Products, Inc.*, 648 F.2d 1051 (5th Cir.1981). Since Brooks' attorney objected to the jury's instructions, the question is whether the injury suffered by Brooks from this erroneous instruction is harmless.

The jury found that Brooks was seventy-five percent contributorily negligent. Both the evidence introduced and the verdict returned are ·convincing that the issue of

contributory negligence was critical in this case. In evaluating the plaintiff's fault, the jury was required, under the court's instructions, to hold the plaintiff to a higher standard of care than was legally proper. Because the focus of the jury's attention was clearly on the issue of contributory negligence and on the standard of care to apply to the plaintiff's conduct, the erroneous instruction cannot be said to have been harmless.

Great Lakes argues that this case is controlled by *Colomb v. Texaco, Inc.*, 736 F.2d 218 (5th Cir.1984). The jury in *Colomb* found that the plaintiff was ninety percent contributorily negligent after the trial court improperly instructed the jury that a seaman need exercise only ordinary care to protect himself. Unlike Brooks, however, the plaintiff in *Colomb* did not make a timely and proper objection to the jury instructions. The failure to object clearly distinguishes *Colomb* from this case. The standard of review there was whether the error resulted in a "miscarriage of justice," rather than whether the error was "harmless." Even though the instruction in this case may not have resulted in a miscarriage of justice, the injury which did result from the erroneous instruction is more than harmless.

Brooks has also raised on appeal the quantum of damages awarded by the jury and the percentage of fault assigned to him by the jury. Since we remand this case to the district court for a new trial, these questions are now irrelevant. In conclusion, we hold that the erroneous instruction was not harmless and that the plaintiff is entitled to a new trial. The case is therefore remanded for that purpose.[1]

REMANDED.

---

[1] We are aware that a remand of this case for a new trial may be unfair to the defendant who, in one of its requested charges, correctly stated that a seaman need exercise only slight care to protect himself. For some reason unexplained by the record, the district court did not give that requested instruction, and also refused to correct the erroneous instruction when it was objected to by the plaintiff. A new trial at the expense, time, and inconvenience of all parties, including the court, will now be required.