**Donald MAIRENA, Plaintiff-Appellee,**

v.

**Charles FOTI, Criminal Sheriff for the Parish of Orleans, et al., Defendants,**

**Harry Connick, District Attorney for the Parish of Orleans, Defendant-Appellant.**

No. 86–3238.

United States Court of Appeals, Fifth Circuit.

May 18, 1987.

Eavelyn T. Brooks, Kendall L. Vick, Arthur J. Finn, Asst. Attys. Gen., La. Dept. of Justice, New Orleans, La., Freeman R. Matthews, Metairie, La., for defendant-appellant.

M. David Gelfand, New Orleans, La., Russell Stegeman, Gretna, La., Terry E. Allbritton, New Orleans, La., for plaintiff-appellee.

Before GARWOOD, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The facts in this case are like a bad dream: Donald Mairena, who had committed no crime, was arrested on an outstanding material witness warrant and, notwithstanding his pleas, thrown in jail for twenty-three days, although the case to which he was a witness had been closed months earlier when the defendant had pleaded guilty. Harry Connick, the District Attorney of Orleans Parish, Louisiana, now appeals the district court's judgment against him in his official capacity and in favor of Mairena, who sued Connick under 42 U.S.C. § 1983 for deprivation of a constitutional right. Because we find that Mr. Mairena's suit demonstrated the necessary elements for a successful section 1983 cause of action, we affirm the judgment of the district court.

I

The story began when Donald Mairena witnessed a shooting that occurred at the Latin American Club in New Orleans on April 30, 1983. Although Mairena had no relationship to the victim or perpetrator of

the shooting, he witnessed the crime and chased the perpetrator, at considerable personal risk. Mairena was interviewed by law enforcement authorities investigating the case. He voluntarily cooperated and gave them his address. He heard nothing further about the incident until his arrest, almost two years later, on February 4, 1985.

The perpetrator of the shooting, Nicholas Ocasio, was ultimately apprehended, and criminal proceedings were instituted against him in Orleans Criminal District Court. During the course of the proceedings, prosecuting attorneys felt that Mairena might be needed as a witness if the case went to trial. When they were unable to locate him, an assistant district attorney caused a warrant to be issued on February 16, 1984, for Mairena's arrest as a material witness. On May 21, 1984, Ocasio pled guilty to the charges stemming from the shooting.

Following Ocasio's plea, the prosecuting assistant district attorney closed the prosecution file, which was then transmitted to administrative personnel in order to cull post-conviction tracking information for the district attorney's computer system, to insure that applicable appearance bonds were cancelled, and to store the file in the district attorney's records. The criminal case was marked closed on the court's record on May 21, 1984.

On February 4, 1985—eight and one-half months after the closing of the underlying criminal case—Mairena was arrested on the outstanding material-witness warrant. He was incarcerated at the Orleans Parish Prison for twenty-three days. On February 5, the district attorney's office was informed of Mairena's arrest and incarceration, but took no action to inquire as to the reasons for Mairena's incarceration or to inform the court or sheriff that his detention was no longer necessary. Mairena was not released until a private attorney, contacted by one of his friends, informed the presiding judge of Criminal Court Division C of his incarceration. This was more than twenty days after the district attorney's office had been informed of Mairena's incarceration.

## II

Mairena's complaint was filed July 2, 1985, seeking damages for alleged civil rights violations pursuant to 42 U.S.C. § 1983. The gravamen of the complaint was that Mairena was wrongfully arrested, incarcerated and detained as a material witness at a time when his testimony was no longer necessary, the relevant criminal case having been closed. Defendants were Charles Foti, the Criminal Sheriff of Orleans Parish, who had arrested and imprisoned the plaintiff; Edwin Lombard, the Clerk of the Court of the Criminal District Court for the Parish of Orleans, whose office was responsible for the processing of the plaintiff's file and the related paper work; and Harry Connick, the District Attorney for the Parish of Orleans, whose assistant had managed the prosecution of the Ocasio criminal case.

The clerk and sheriff reached settlements with the plaintiff, and the claim against the clerk was dismissed on February 4, 1986. The settlement with the sheriff has yet to be funded, but on March 24, 1986, a judgment on the settlement was entered of record. The case against the district attorney was tried by jury on February 17, 1986, before Magistrate Fonseca pursuant to a stipulation of the parties. The jury found in favor of the plaintiff, holding that the defendant's actions were the proximate but not the sole cause of injury to Mairena. The jury further held that three-quarters of Mairena's damages were attributable to the district attorney, and on that basis assessed an award of $30,000 against the district attorney. The district attorney's motion for j.n.o.v. filed February 28, 1986, was denied by judgment entered March 19, 1986. This appeal followed.

## III

The district attorney argues that the judgment in favor of Mairena must be reversed for several reasons: (1) Mairena's section 1983 action is barred by the elev-

enth amendment; (2) Mairena's section 1983 suit is barred by prosecutorial immunity; (3) Mairena has failed to meet the custom or policy requirement for municipal liability; (4) Mairena failed to establish the elements for his pendent state law tort claim; and (5) the jury's assessment of damages against the district attorney was erroneous. Because we reject each of the arguments offered by the district attorney, we affirm the judgment in favor of Mr. Mairena.[1]

## IV

The district attorney is being sued in his official capacity. For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents. *Kentucky v. Graham*, 105 S.Ct. at 3105; *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 876, 83 L.Ed.2d 464 (1985). The district attorney argues that Mairena has not met the requirements for recovery against the Orleans Parish district attorney's office under section 1983, because he has not shown that his wrongful incarceration was the

result of a custom or policy of the district attorney's office. We cannot agree.

In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court, holding for the first time that local governments may be sued for compensatory damages, *id.* at 690, 98 S.Ct. at 2035, made clear that local government liability under section 1983 is established only where the "execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. at 2036. Although he argues that Mairena has failed to meet the policy or custom requirement, the district attorney does not specify whether Mairena's failure to meet the requirement resulted from erroneous instructions on the part of the magistrate or from insufficient evidence. But since the district attorney failed to object to the jury instructions,[2] we construe his appeal as raising solely evidentiary objections on the policy or custom issue.

---

1. We discuss the custom or policy issue and the damages issue in the main body of the opinion. The remaining arguments advanced by the district attorney lack merit. The district attorney argues that Mairena's suit is barred by the eleventh amendment. This court addressed that contention in *Crane v. State of Texas*, 766 F.2d 193 (5th Cir.1985), and held that for purposes of section 1983 liability, a Texas district attorney was a local government official. We can see no basis to distinguish this Louisiana case from *Crane*.

   In addition, the district attorney argues that Mairena's suit is barred by prosecutorial immunity. But prosecutorial immunity is a personal defense, and is not applicable in this case since the district attorney is being sued in his official capacity only. *See Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 n. 18, 100 S.Ct. 1398, 1409 n. 18, 63 L.Ed.2d 673 (1980).

   Finally, the district attorney argues that Mairena's tort claim against him was insufficient under state law because it failed to allege actual malice. But the district attorney does not advance a valid reason for reversing the district court since no damages were awarded to Mairena on his state law claim.

2. Fed.R.Civ.P. 51 explicitly states that a party cannot "assign as error the giving or failure to

give an instruction unless he objects thereto before the jury retires to consider its verdict." The district attorney failed to do this.

   The exception to this rule is a narrow one. Despite a party's failure to make a timely objection to a jury instruction, a reviewing court may still reverse if the error committed by the district court is so fundamental as to result in a miscarriage of justice. *Sandidge v. Salem Offshore Drilling Co.*, 764 F.2d 252, 262 (5th Cir. 1985); *Higgins v. Smith International*, 716 F.2d 278, 283 n. 4 (5th Cir.1983). Such a miscarriage of justice occurs when the erroneously given charge is probably responsible for an incorrect verdict, leading to a result that is manifestly unjust. *Brooks v. Great Lakes Dredge-Dock Co.*, 754 F.2d 536, 538 (5th Cir.1984). Given the grievous wrong done to Mairena, we do not believe that the jury verdict in his favor was manifestly unjust.

   Moreover, the Supreme Court has recently indicated in the context of a section 1983 suit that aside from Rule 51, prudential considerations counsel against reversing a judgment for an error in jury instructions when the appealing party has accepted those instructions. *City of Springfield v. Kibbe*, —— U.S. ——, 107 S.Ct. 1114, 1116, 94 L.Ed.2d 293 (1987) (per curiam). In this case it was Mairena who objected to the magistrate's instructions, while the district attorney acquiesced readily to the instructions.

Therefore, the issue raised before this court is whether the evidence in the record supports the jury's verdict under the instructions given by the magistrate. We believe that the evidence supports the verdict.

Under the standard for reviewing jury verdicts and factual findings set out by this court in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc), a jury's finding is upheld if reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions. *Id.* at 374. We also note that juries are free to draw reasonable inferences from the evidence. *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841, 851 (5th Cir.1967).

The magistrate instructed the jury that it could find for the plaintiff only if it found that (1) there was no procedure designed to prevent Mairena's arrest and incarceration; (2) the need for such a procedure existed before Mairena's arrest and incarceration; (3) the failure to establish such a procedure was deliberate or the result of callous indifference; (4) Mairena was arrested as a material witness in connection with a criminal matter that was already concluded (and hence his constitutional rights were violated); (5) the district attorney either participated in the failure to establish procedures that would have safeguarded Mairena's rights, or the failure to promulgate such procedures was causally connected to a breach of duty imposed on the district attorney by state or local law.

█ Under the *Boeing v. Shipman* standard, we believe that the jury could reasonably have found for Mairena by applying the magistrate's instructions to the evidence it was presented. The testimony of Cliff Strider, the trial division chief at the district attorney's office (who was delegating policymaking authority for trial-related matters by the district attorney), provided a reasonable basis for the jury to have concluded that the first three elements of the magistrate's instructions were met. Mr. Strider candidly conceded the importance of safeguarding the rights of material witnesses, and that assistants at the office should have an obligation to inform the judge when the execution of a material witness warrant is no longer required. Yet Mr. Strider admitted that no procedure for inquiring into the status of material witness warrants was provided in the office policy dealing with the subject. Given the awareness of the importance of safeguarding the rights of material witnesses expressed by Mr. Strider, a policymaking official at the district attorney's office, we believe that the jury could reasonably have inferred that the failure to establish policies to protect material witnesses from wrongful arrest and incarceration was the result of callous indifference and not mere negligence.

The district attorney does not challenge the finding that Mairena was arrested and jailed for twenty-three days as a material witness when the case for which his testimony was sought had already been closed. Given this finding, it is clear that Mairena's constitutional due process rights had been violated. The evidence supports a finding that the district attorney himself was involved in the failure to establish procedures for safeguarding the rights of material witnesses. According to Ray Comstock, an investigator at the district attorney's office, and a long-time associate of the district attorney, he and the district attorney jointly formulated policy for closing cases. The policy for closing cases required checks and investigation into various matters, but did not include a check to see if there were any outstanding material witness warrants.

Because the district attorney did not object to the magistrate's instructions on policy or custom, and because the evidence supports the verdict, we reject the district attorney's argument that the policy or custom requirement had not been met.

V

█ The district attorney contends that the jury's apportionment of the damages against him was "unconscionable." Yet the jury's apportionment of damages is a factual matter, subject to review under the deferential reasonableness standard. *Sumitomo Bank of California v. Product*

*Promotions,* 717 F.2d 215, 218 (5th Cir. 1983); *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). A reasonable juror could have concluded that the major responsibility for the violation of Mairena's constitutional rights lay with the district attorney's office, since it issued the warrant for Mairena's arrest without proper safeguards. Moreover, it was the district attorney's office that was responsible for advising the other defendants, i.e., the sheriff and clerk, that the warrant for arrest was no longer required and should be cancelled. We therefore conclude that the district attorney has not shown that the evidence indicates that the jury's factual determination on the damages issue was subject to reversal under the reasonableness standard.

## VI

For the reasons given earlier, the judgment of the district court is

AFFIRMED.

GARWOOD, Circuit Judge, notes his dissent.