Timothy H. JOHNSON, Plaintiff,

v.

RENO POLICE CHIEF, et al., Defendants.

No. CV–N–88–18–ECR.

United States District Court, D. Nevada.

Aug. 3, 1989.

Timothy H. Johnson, Carson City, Nev., pro se.

Randall K. Edwards, Asst. City Atty., Reno, Nev., for Detective Magee.

Gregory R. Shannon, Deputy Dist. Atty., Reno, Nev., for defendants Mills Lane and Cheryl Field–Lang.

Thomas A. Collins, Reno, Nev., for defendant John Caselli.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Presently before the Court is the United States Magistrate's Report and Recommendation (document # 23), the plaintiff's objections thereto (document # 26) and the defendants' memorandum in support of the Magistrate's recommendation (document # 27). The issue raised by these documents is whether the plaintiff's complaint should be dismissed with respect to defendants Washoe County District Attorney Mills Lane and Deputy District Attorney Cheryl Field–Lang on the grounds of prosecutorial immunity.

## I. PROSECUTORIAL IMMUNITY IN GENERAL.

The Magistrate has recommended that the complaint against these two defendants be dismissed on the grounds that the actions complained of as to them are shielded from liability under the doctrine of prosecutorial immunity. Magistrate's Report and Recommendation at 3. In general, a prosecutor is absolutely immune from liability for "prosecutorial functions that are 'intimately associated with the judicial phase of the criminal process.'" *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 543, 98 L.Ed.2d 555 (1988) (citation omitted), provided such actions are taken within the scope of the prosecutor's authority. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir.1986). "The focus is on the nature or function of the prosecutor's activity." *Ashelman*, 793 F.2d at 1076, citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir.1984).

■ The Magistrate has correctly recognized that plaintiff's allegations against Cheryl Field–Lang only concern actions taken within her authority and role as a prosecutor. The plaintiff has previously been given a chance to amend his complaint to correct these deficiencies but has failed to do so. Accordingly, the Magistrate's recommendation as to this defendant must be affirmed.

## II. PROSECUTORIAL IMMUNITY FOR POLICYMAKING.

A more difficult question is presented by the plaintiff's allegations that defendant Mills Lane promulgated a policy which resulted in an unconstitutional deprivation of the plaintiff's property. While Mills Lane is certainly entitled to absolute immunity for acts taken within his prosecutorial role, this Court must decide whether the promulgation of the policies and procedures of the District Attorney's Office is a prosecutorial function for which absolute prosecutorial immunity attaches.

■ In *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the Court held that a judge is not absolutely immune for employment decisions made as an administrator of his or her court. Whether a given act is to be accorded immunity depends on the function being served by the act. *Forrester*, 108 S.Ct. at 544. In determining when an act is to be accorded immunity the Court noted that: "The decided cases, however, suggest an intelligible distinction between judicial acts

and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Id.* at 544. *See Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (judicial immunity does not extend to judicial promulgation of code of conduct for attorneys).

▮▮▮ Even though the scope of prosecutorial immunity is to be broadly construed, *Ashelman,* 793 F.2d at 1078, *Forrester* and *Consumers Union* require that prosecutorial immunity not be extended when a prosecutor is engaging in legislative or administrative and not quasi-judicial acts. Thus, the Court finds that defendant Mills Lane does not enjoy absolute prosecutorial immunity for policies and procedures promulgated by him.[1]

Furthermore, in *Mairena v. Foti,* 816 F.2d 1061 (5th Cir.1987), the Fifth Circuit held that a district attorney sued in his official capacity for an unconstitutional policy or procedure could not raise prosecutorial immunity as a defense. The court held that prosecutorial immunity is not applicable in an official capacity suit because the municipality is the real party in interest in such a case. *Mairena,* 816 F.2d at 1064. Thus, prosecutorial immunity would not be a proper basis for dismissal of a complaint against Mills Lane in his official capacity regarding the promulgation of policies and procedures which cause deprivations of constitutional rights.[2]

▮▮▮ Even though the Court holds that prosecutorial immunity does not apply to a prosecutor's or municipality's promulgation of policies and procedures which result in a deprivation of constitutional rights, the Court nevertheless finds that the plaintiff's amended complaint currently is insufficient to state a cause of action. Even a *pro se* plaintiff may not rely on wholly conclusory allegations, but rather must allege facts which, if proven, would entitle the plaintiff to relief. *Akao v. Shimoda,* 832 F.2d 119, 120 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). *North Star International v. Arizona Corporation Commission,* 720 F.2d 578, 583 (9th Cir.1983).

▮▮▮ Here, the plaintiff has not sufficiently alleged what policy Mills Lane promulgated which led to the deprivation of his constitutional rights, nor has the plaintiff sufficiently pled a connection between the loss of his property and the unconstitutional policy which Mills Lane is alleged to have promulgated. Similarly, if the gravamen of the plaintiff's complaint is that Mills Lane failed to promulgate a policy which would have prevented the alleged loss of plaintiff's property, the plaintiff has failed to allege facts which show an "affirmative link" between the failure to provide a policy and the alleged deprivations. *See Gobel v. Maricopa County,* 867 F.2d 1201, 1209 (9th Cir.1989) (there must be an affirmative link between a district attorney's failure to train and alleged deprivation). This affirmative link should also indicate that Mills Lane had a duty to promulgate the policy he allegedly failed to promulgate. *See, e.g., Sowers v. Bradford Area School District,* 694 F.Supp. 125, 129–132 (W.D.Pa.1988) (action for failure to protect requires "special relationship" to create a duty to protect). Since the plaintiff has not been given an opportunity to cure the defects discussed in this order, he will be given an opportunity to do so; the

---

**1.** While absolute prosecutorial immunity may not shield the promulgation of policies and procedures within the district attorney's office, other types of immunity may be applicable. Properly delegated legislative acts enjoy absolute immunity, *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607, 611–613 (8th Cir.1980) (city directors absolutely immune regarding enactment of unconstitutional zoning ordinance), however, the actions here may not constitute properly delegated legislative acts. More pertinently, qualified immunity may be available to county officials sued in their individual capacities. *See*

*Cinevision Corp. v. City of Burbank,* 745 F.2d 560 (9th Cir.), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1984).

**2.** Additionally, prosecutorial immunity is not a defense to an action for injunctive relief. *Gobel v. Maricopa County,* 867 F.2d 1201, 1203 n. 6 (9th Cir.1988). Here, the plaintiff has requested the Court to order the return of his property or its monetary equivalent. While the latter is not a request for injunctive relief, the former is.

plaintiff will have twenty days to file an amended complaint alleging facts which, if proven, will entitle him to relief against this defendant or the complaint against Mills Lane will be dismissed.

IT IS, THEREFORE, HEREBY ORDERED that the recommendation of the Magistrate is adopted in part and the motion to dismiss on behalf of defendant Cheryl Field–Lang is GRANTED.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to file an amended complaint in accordance with this decision or his complaint against defendant Mills Lane will be dismissed. If the plaintiff files such an amended complaint, he must comply with Local Rule 135–2.