**Kurt SIELAFF, Plaintiff,**

v.

**Robert L. COOPER, Defendant.**

**No. 96–CV–74609–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 28, 1997.

Joseph W. Larkin, Livonia, MI, for Plaintiffs.

Steven M. Potter, Auburn Hills, MI, for Defendant.

### OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. On October 4, 1996, plaintiff filed a complaint seeking relief pursuant to 42 U.S.C. § 1983.

The undisputed facts reveal that on June 6, 1994, Sielaff, a defendant in a criminal action in Oakland County Circuit Court,[1] failed to appear for sentencing. On or about June 22, 1994, Circuit Judge Fred Mester entered an Order that a bench warrant be issued for the arrest of plaintiff for his failure to appear for sentencing.

On or about September 12, 1994, plaintiff appeared in Court for sentencing, was sentenced and Judge Mester, ordered from the Bench, that the bench warrant be set aside.

No order cancelling the bench warrant was ever issued and consequently the information indicating the existence of an outstanding bench warrant which had been placed in the Law Enforcement Information Network (LEIN) remained there.

On or about January 7, 1995, plaintiff was arrested on this "outstanding" bench warrant and was held for approximately 4–5 days before he was brought before Judge Mester. It was then realized that he should not have been arrested or detained because the bench warrant, which was the basis for his arrest,

---

1. *People v. Kurt W. Sielaff,* Oakland County No. 94–131076–FH.

should have been cancelled and removed from the LEIN.

Defendant Cooper is an assistant prosecuting attorney for the County of Oakland and was the assistant prosecutor assigned to the criminal case. He was, in fact, present in the courtroom on September 12, 1994, the date plaintiff was sentenced and the date on which Judge Mester ordered that the bench warrant be cancelled.

Plaintiff alleges that defendant Cooper violated his federal constitutional rights by failing to take the appropriate steps to assure that Judge Mester's order cancelling the bench warrant was carried out and that the bench warrant was cancelled and removed from the LEIN. Plaintiff contends that Cooper's failure to take the appropriate steps was a result of recklessness or deliberate indifference on Cooper's part and thus provides a basis for a claim for damages under 42 U.S.C. § 1983 because such conduct amounts to a violation of plaintiffs constitutional rights. Defendant seeks summary judgment on 4 grounds:

(1) defendant Cooper's actions as an assistant prosecuting attorney are protected by absolute immunity;

(2) defendant Cooper's conduct as an assistant prosecuting attorney is protected by qualified immunity;

(3) defendant Cooper's conduct at most, constitutes simple negligence and mere negligence cannot be the basis for a claim under § 1983.[2]

(4) Plaintiff suffered no damages as a result of the failure to cancel the bench warrant because there was another outstanding warrant for his arrest which would have caused him to be detained for the period that he was detained.

2.  At a hearing on April 23, 1997, plaintiffs counsel admitted that if defendant's conduct only amounted to mere negligence, he would not have a valid claim under § 1983. However, he contends that Cooper's conduct amounted to more than mere negligence. He believes that such conduct amounts to recklessness or deliberate indifference and such conduct is a basis for a § 1983 claim.

3.  Plaintiff summarizes the procedures to be followed in his response to the motion for summary

The primary issue argued by the parties at the hearing on April 23, 1995, was whether or not defendant's conduct, looked at in a light most favorable to plaintiff, constituted more than "mere negligence." Plaintiff argues that because there was no "policy" in place which would assure that bench warrants which the Court order cancelled were in fact cancelled, that this amounts to recklessness, willfulness, or deliberate indifference on the part of defendant Cooper. This Court disagrees.

Mr. Cooper's affidavit sets forth the procedures to be followed when a court orders that a bench warrant is to be cancelled. (Exhibit 13 to Def.'s Mot. for S.J.)[3]

Summary judgment will be granted under Rule 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of informing the court of the basis for his or her motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant must demonstrate either the absence of a genuine issue of fact or the absence of evidence supporting the nonmoving party's case. 477 U.S. at 325, 106 S.Ct. at 2554. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322, 106 S.Ct. at 2552. The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

judgment at pages 2 and 3. This summary of the procedures is not inconsistent with the procedures as outlined by Mr. Cooper.

Mr. Cooper's affidavit asserts that he did follow the procedures outlined, specifically that he noted the cancellation next to the case on his *docket sheet and turned the docket sheet into* case records. He further states that he does not know the reason why an order cancelling the bench warrant was not prepared and submitted to Judge Mester for signature.

242, 248, 106.S.Ct. 2505, 2510; 91 L.Ed.2d 202 (1986). Rule 56(e),

> requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'

*Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Rule 56(e)); *see Pierce v. Commonwealth Life Ins. Co.* 40 F.3d 796, 800 (6th Cir.1994).

This Court is satisfied that, viewing the evidence in a light most favorable to plaintiff, that defendant's "conduct" which contributed to the arrest of Mr. Sielaff was at most "mere negligence." He followed the procedure that he had followed "approximately 100 times" before and with the exception of this case, he has no knowledge of a bench warrant failing to be cancelled. (Cooper aff. at ¶¶ 6,7.) This Court has reviewed the briefs, documents, including deposition testimony, etc., submitted in support of and in opposition to the motion for summary judgment and this Court finds that plaintiff has presented no evidence which would lead this Court to conclude that Mr. Cooper's actions (or inactions) amounted to recklessness, willfulness, or deliberate indifference. Since, as plaintiffs counsel conceded at oral argument, "mere negligence" cannot be the basis for a claim under 42 U.S.C. § 1983,[4] plaintiff's claim must fail and defendant's motion for summary judgment must be granted.

Plaintiff relies on a *Mairena v. Foti,* 816 F.2d 1061 (5th Cir.1987). This Court believes that *Mairena* is distinguishable. In *Mairena,* the district attorney was being sued in his official capacity and the issue was whether or not his failure to establish policies to protect material witnesses from wrongful arrest and incarceration was actionable under § 1983. The Court concluded that the jury could have reasonably inferred that the prosecutor's failure to establish such policies was the result of callous indifference "and not mere negligence." *Mairena* at 1065. In this case, plaintiff has not brought an action against the prosecuting attorney in his official capacity or Oakland County based on a failure to establish policies to insure that warrants which had been ordered to be recalled are, in fact, recalled. Plaintiffs suit was brought against Assistant Prosecutor Cooper alleging that he failed to carry out his duties to assure that the warrant was recalled.[5]

Because this Court is satisfied that plaintiff cannot produce sufficient evidence to establish a claim under 42 U.S.C. § 1983, the Court sees no need to address the other defenses asserted by defendant.

For the reasons set forth above, defendant's motion for summary judgment shall be granted.

---

4. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

5. Plaintiffs counsel suggested at the hearing on April 23, 1997, that liability may exist because there was no "policy" to assure that a bench warrant that had been ordered to be cancelled by the judge was, in fact, cancelled. Even if plaintiff had brought an action against Oakland County or the prosecutor in his official capacity, plaintiff's claim cannot prevail. While this case demonstrates that the procedures followed by Oakland County are not foolproof, this Court does not believe that plaintiff has presented any evidence of a "policy" which would amount to a violation of plaintiffs constitutional rights. Cooper's affidavit that this is the only time in approximately 100 similar situations where the warrant was not cancelled satisfies this Court that there were no policies or procedures which were so "defective" that they would themselves be the basis of a constitutional claim.