# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2013

No. 12-30917
Summary Calendar

Lyle W. Cayce
Clerk

DAVID C. COBB

Plaintiff - Appellee

v.

CITY OF HARAHAN, LOUISIANA, a municipal corporation; PROVINO
MOSCA, also known as Vinny Mosca, Mayor, City of Harahan, individually
and in his official capacity

Defendants - Appellants

Appeals from the United States District Court for the
Eastern District of Louisiana
2:11-CV-2595

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The city of Harahan, Louisiana, and Provino Mosca appeal the district
court's denial of their motions to dismiss David Cobb's 42 U.S.C. § 1983 claims
against them. For the following reasons, we REVERSE the district court's order
denying the motions to dismiss as to the § 1983 claims, DISMISS these claims
against all defendants, and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30917

## BACKGROUND

David Cobb, the former Regulatory Director for the city of Harahan, Louisiana, sued the city and its mayor, Provino Mosca, in his official and individual capacity.[1] Cobb alleged that Mosca, upon being elected mayor, had fired him without approval of the city council. Cobb noted that the Lawrason Act provides that "appointment or removal of . . . any department head shall be subject to approval by the board of aldermen." L.A. Rev. Stat. § 33:404(A)(3). Cobb alleged that he was a "department head" as contemplated by the Lawrason Act, and that the statutory restriction on his termination gave rise to a property interest protected by the Fourteenth Amendment's Due Process clause. Cobb advanced a 42 U.S.C. § 1983 action against all defendants, alleging that he was deprived of his employment without due process of law. Cobb also brought a claim under the Fair Labor Standards Act ("FLSA") against the city, seeking to recover allegedly unpaid overtime pay.

Mosca, in his individual capacity, filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the § 1983 claim against him. Mosca noted that the Lawrason Act also provides that "[a]ny department of a municipality, other than the police department in a municipality with an elected chief of police, shall be created, abolished, merged, or consolidated by the board of aldermen, upon written recommendation of the mayor." L.A. Rev. Stat. § 33:362(C). According to Mosca's interpretation, the section of the Lawrason Act restricting the removal of a department head applies only to the head of a department that was created in accordance with the act's requirement, *i.e.* by the board of aldermen upon the mayor's recommendation. Mosca therefore argued

---

[1] Because "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents," *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987), we make no distinction in this discussion between claims against the city and claims against Mosca in his official capacity.

2

that because Cobb had not alleged that the city's Regulatory Department was created in such a way, his allegations did not show that his termination violated the Lawrason Act. The city moved to dismiss the § 1983 claims against it on the same grounds.

Mosca, in his individual capacity, also argued that he was entitled to qualified immunity. First, Mosca argued that Cobb had not alleged any violation of his constitutional rights. Mosca maintained that in the absence of Lawrason Act protection, Cobb's employment was at will and therefore did not give rise to a property interest. Second, Mosca argued that Cobb's allegations did not show that Mosca's actions were objectively unreasonable based on clearly established law.

The district court held that Cobb had adequately stated a claim that he was deprived of property without due process of law. The district court noted Cobb's allegations that he was a "department head" under the Lawrason Act and that the defendants had not followed the proper procedure in terminating his employment. As to Mosca's qualified immunity defense, the district held as follows:

> At this juncture, the Court cannot find that Mosca is entitled to qualified immunity on Plaintiff's procedural due process claim. As previously explained, Plaintiff has sufficiently stated a claim for violation of his procedural due process rights, meeting the first prong of the qualified immunity test. The Court now must consider whether Mosca's actions, as alleged in Plaintiff's Complaint, were objectively unreasonable in light of clearly established law at the time of his conduct. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Court will not make this determination at the motion to dismiss stage. Mosca may re-urge the qualified immunity argument at summary judgment if it is appropriate to do so.

Mosca filed a timely interlocutory appeal challenging the district court's denial of his qualified immunity defense. The city also appealed the district court's denial of its motion to dismiss. While acknowledging that it is not

entitled to qualified immunity and that denial of a motion to dismiss is not normally appealable, the city argues that this court should exercise pendant jurisdiction to consider issues relevant to its motion that are "inextricably intertwined" with the qualified immunity analysis. *See Thornton v. General Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) ("Pendant appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order."). Specifically, the city maintains that the question of whether Cobb properly alleged a constitutional violation is relevant both to the qualified immunity analysis and to the sufficiency of Cobb's § 1983 claims against all defendants.

## DISCUSSION

In evaluating a motion to dismiss based on qualified immunity, a court must first consider whether the facts as alleged show that the defendant's conduct violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, the court must consider whether the right was sufficiently clear that a reasonable official would understand that the alleged conduct violates the right. *See id.* at 202. The court need not necessarily conduct the analysis in this order. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009).

We first note that the district erred in refusing to consider the merits of Mosca's qualified immunity defense. "[Q]ualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). "We have consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded

by an immunity defense." *Id.* If Cobb's allegations, accepted as true, do not defeat Mosca's qualified immunity defense, Mosca should not be subjected to the burdens of further litigation, including discovery. Because, as explained below, we conclude that Cobb has not alleged that his constitutional rights were violated, we do not reach the second prong of the qualified immunity analysis.

"The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009). "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "[I]n order to advance a due process claim in connection with his termination, [Cobb] must point to some state or local law, contract or understanding that creates a property interest in his continued employment." *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997).

We need not consider whether Mosca's suggested interpretation of the Lawrason Act is correct. Even assuming the Lawrason Act restricted Mosca's authority to fire Cobb without approval of the city council, it provided Cobb with no property interest in his continued employment. The Lawrason Act says nothing about *why* his employment may be terminated; it only specifies *how* his employment may be terminated. An ordinance "merely conditioning an employee's removal on compliance with certain specified procedures" does not endow that employee with a property interest in his employment. *Bishop v. Wood*, 426 U.S. 341, 345 (1976).

In *Cabrol*, 106 F.3d at 105-06, a town employee unilaterally terminated by the mayor argued that he possessed a property interest in his job because the town council generally voted on hiring and firing decisions. We rejected his

5

challenge, holding that even if the alleged town practice amounted to an official, mandatory procedure for termination, it did not create a property interest because "'property' cannot be defined by the procedures provided for its deprivation." *Id.* at 106 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)).  By contrast, we have found a property interest in continued employment where some source, such as a contract, guaranteed employment for a specific length of time or provided that the employee could be discharged only for specific reasons.  *See, e.g.*, *Russell v. Harrison*, 736 F.2d 283, 286-87 (5th Cir. 1984).

## CONCLUSION

Because Cobb's allegations do not establish that he was deprived of a property interest, his 42 U.S.C. § 1983 claims against all defendants must be dismissed.  We therefore REVERSE the order of the district court denying the defendants' Rule 12(b)(6) motions as to Cobb's § 1983 claims, and DISMISS these claims.  We REMAND for entry of judgment in favor of Mosca, in his individual capacity, and for further proceedings concerning Cobb's FLSA claim against the city.