United States Court of Appeals,

Fifth Circuit.

No. 95-10314

Summary Calendar.

Ray VERA, dba Vera's Bonding Company, and Larry Vera, dba Vera's Bonding Company, Plaintiffs-Appellants,

v.

Charles TUE, Sheriff of Hale County, TX, et al., Defendants-Appellees.

Jan. 31, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The principal issue on this appeal is whether the district court properly held that the Sheriff was entitled to immunity from this civil rights suit. Finding that the Sheriff was not so entitled, we reverse in part and affirm in part.

I. FACTS AND PROCEDURAL HISTORY

Ray Vera, d/b/a Vera's Bonding Company, and Larry Vera, d/b/a Vera's Bonding Company (collectively the Bonding Company), filed the instant civil rights suit under 42 U.S.C. § 1983 against Charles Tue, Sheriff of Hale County, Texas, and Hale County, Texas, alleging libel, slander, official misconduct, and denial of due process and equal protection in suspending the Bonding Company's right to act as surety on bail bonds. The Bonding Company alleged the following facts in the complaint. The Bonding Company provided surety bonds in Hale County, Texas, for persons accused of criminal

1

offenses seeking to obtain release pending trial. The surety bonds were tendered to various courts and officers for approval, including Sheriff Tue.

In October 1990, Sheriff Tue gave written notice "[t]o Whom It May Concern" that "Vera Bonding Company will not be allowed to make a bond exceeding $500...." After receiving the notice, Larry Vera, through counsel, contacted Sheriff Tue; the parties compromised, and the notice was withdrawn.

Two years later, on October 29, 1992, Sheriff Tue sent a letter to the Bonding Company advising that "[e]ffective November 5, 1992, all your bonding privileges in Hale County will be suspended." The letter listed certain reasons for the suspension. Sheriff Tue purported to act for all magistrates and other officers located in Hale County, Texas, authorized by law to approve surety bonds. The letter indicated that copies were sent to nine judges of various courts in Hale County, Texas. The Bonding Company replied to the letter through counsel, requesting that Sheriff Tue substantiate his contentions. Sheriff Tue responded but refused to furnish much of the information requested.

The Bonding Company filed suit in state court against Sheriff Tue and Hale County seeking a temporary injunction, a permanent injunction, and damages. After a hearing, the trial court denied the request for a temporary injunction. Ultimately, the suit was dismissed without prejudice for want of prosecution.

The Bonding Company subsequently filed the instant suit in the district court. The defendants answered the Bonding Company's

complaint, raising the defenses of qualified and sovereign immunity. The defendants also filed a motion for summary judgment, or in the alternative a motion to dismiss, attaching Sheriff Tue's affidavit in support of the motion. Sheriff Tue asserted that he suspended the Bonding Company's bail bond writing privileges because: Larry Vera solicited jail trustees for assistance in making bonds, Larry Vera perused jail records without authorization to discover information, Vera was disrespectful to the judges, and the Bonding Company's ratio of collateral to outstanding bonds fell below the acceptable level after Raul Vera withdrew his portion of the company's collateral. Sheriff Tue also stated that he was "aware of no statute, court decision, or other law which provides for a procedure to follow when a Texas sheriff, in exercising his duty of oversight under the state law of Texas, determines that bail bonds should not be accepted from certain sureties."

The Bonding Company filed a response, attaching Larry Vera's affidavit in support. In that affidavit, Larry Vera denied, among other things: violating the terms of the 1990 compromise between Sheriff Tue and the Bonding Company; looking at the jail records without permission; entering any secured part of the jail without authorization; bonding anyone over the amount of $7,500 without authorization. The affidavit also provided that:

> Sheriff Tue's actions taken against me are based on personal grievances and personal interests. Sheriff Tue's wife, Kay Tue, was working for Ace Bail Bonding, in Hale County, in October of 1992. Sheriff Tue's sister-in-law is also employed and/or is the owner of Exit Bail Bonds in Hale County. I believe that since my business made the majority of the bonds in Hale County that Sheriff Tue was trying to put me out of business so that Exit Bail Bonding would thereafter prosper.

3

The district court granted summary judgment for the defendants, concluding that the Bonding Company failed to indicate how its right to earn a living by writing bail bonds was deprived by the Sheriff. It also determined that because the Bonding Company "failed to demonstrate that Defendant's acts were irrational, [the Bonding Company] ... failed to properly establish their equal protection claim." The court concluded that because the Bonding Company "failed to establish deprivation of a property or liberty interest, Defendant's qualified immunity remains intact, protecting him from liability in this matter." In its order granting summary judgment, the district court did not address explicitly the Bonding Company's claims against Hale County, Texas. Nonetheless, its written judgment granted summary judgment in favor of both defendants.

II. STANDARD OF REVIEW

This Court reviews a grant of summary judgment *de novo,* using the same standard applicable in the district court. *Matagorda County v. Law,* 19 F.3d 215, 217 (5th Cir.1994). "Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)). "The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." *Id.* at 217. Inferences from the facts are drawn most favorably to the nonmovant. If the record as a whole could not lead a rational trier of fact to find

4

for the nonmovant, then there is no genuine issue for trial. *Id.*

III. QUALIFIED IMMUNITY

We must determine whether the district court erred in granting Sheriff Tue qualified immunity. The first step in this two-step analysis is to determine whether the plaintiff has asserted the violation of a clearly established constitutional right under the prevailing state of the law. *Al-Ra'id v. Ingle,* 69 F.3d 28, 31 (5th Cir.1995). If so, we then must decide whether the defendant's conduct was objectively reasonable in light of the law at the time of the conduct in question. *Id.* In other words, if a reasonable official would know that his actions were in violation of the plaintiff's constitutional rights, it would lead to a conclusion that the conduct was not objectively reasonable.

The Bonding Company contends that the right to earn a living by writing bail bonds is a property interest protected by the Texas Constitution. In support of that contention, it cites *Font v. Carr,* 867 S.W.2d 873 (Tex.App.—Houston [1st Dist.] 1993) and *Smith v. Decker,* 158 Tex. 416, 312 S.W.2d 632 (1958). Sheriff Tue argues that the cases cited by the Bonding Company are inapplicable because those cases deal with the effect of Texas statutes that govern the bail bond business in counties containing populations of a certain size, and Hale County does not fall within that statutory range. *See* Tex.Rev.Civ.Stat.Ann., Art. 2372p-3.[1]

---

[1]Article 2372p-3 applies to counties with a population of more than 110,000 or counties of less than 110,000 if a bail board has been created. That provision governs the licensing and regulation of bail bondsmen.

5

Although it is true that, unlike the bail bond businesses involved in *Font* and *Smith,* the bond business in Hale County is not governed by article 2372p-3 or its predecessor, we are not convinced that the above-cited cases may be read so narrowly. Indeed, in *Font,* the Texas Supreme Court plainly stated that "[t]he right to earn a living by writing bail bonds is a property interest protected by the Texas Constitution."   867 S.W.2d at 875. Moreover, in *Smith,* the Texas Supreme Court explained that the appellants, who were in the business of writing bail bonds, had "a vested property right in making a living, subject only to valid and subsisting regulatory statutes...."  Accordingly, it appears that article 2372p-3 does not create the property interest but instead,

Additionally, the parties agree that Article 17.11 of the Texas Code of Criminal Procedure governs the bail bond business in Hale County.  Art. 17.11 provides as follows:

Every court, judge, magistrate or other officer taking a bail bond shall require evidence of the sufficiency of the security offered;  but in every case, one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances;  and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound.

Provided, however any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is in default on said bond.  It shall be the duty of the clerk of the court wherein such surety is in default on a bail bond, to notify in writing the sheriff, chief of police, or other peace officer, of such default.  A surety shall be deemed in default from the time the trial court enters its final judgment on the scire facias until such judgment is satisfied or set aside.

6

serves only to regulate the property interest of writing bail bonds.

Alternatively, assuming for purposes of this appeal that Sheriff Tue's restricted interpretation of the Texas cases is correct, we find that the Bonding Company has shown the existence of an interest protected by due process. The Supreme Court has explained that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972) (internal quotation marks and case citations omitted) (brackets in opinion). As such, due process requires an opportunity to refute the allegations before the accusing officials.

In the case at bar, in the previously mentioned 1990 written notice, Sheriff Tue declared that Vera Bonding Company was not allowed to make a bond exceeding $500 "due to being eight to ten times overextended on their collateral." Sheriff Tue asserted that "on several occasions Larry Vera has exhibited some very bad conduct toward both Judge Frank Curry and to Judge Bill Hollars. (one case almost resulting in Judge Curry holding him in contempt of court)." Also in that letter, Sheriff Tue accused Vera of offering to pay the jail trusty to solicit bonding business. Subsequently, a compromise was reached, and the notice withdrawn.

Two years later, Sheriff Tue notified the Bonding Company that all its bonding privileges in Hale County were suspended. Sheriff

7

Tue set forth certain reasons for the suspension; including allegations that Vera had solicited bonds for gain, nineteen bond forfeitures (some of which had settled), complaints from the judges regarding Vera's dress and demeanor, and the amount of outstanding bonds exceeded the "limit" (especially after Raul Vera removed his collateral). As previously set forth, the letter indicated that Sheriff Tue sent copies of this letter to nine judges.

In view of the allegations made by Sheriff Tue against Vera in the process of suspending the Bonding Company's privileges, it is clear that Vera's reputation and integrity were at stake. *See Roth,* 408 U.S. at 573, 92 S.Ct. at 2707. Therefore, notice and an opportunity to be heard were essential to protect Vera's rights. In the letter suspending the Bonding Company's privileges, Sheriff Tue expressly denied Vera an opportunity to refute the allegations; instead, Sheriff Tue derisively invited Vera to file suit. Accordingly, the Bonding Company has asserted the violation of a clearly established constitutional right under the current state of the law.

We must now determine whether Sheriff Tue's conduct was objectively reasonable at the time he suspended the Bonding Company's privileges. In *Edmonson v. County of Van Zandt,* Nos. 92-4727, 93-4079, 93-4431, 15 F.3d 180 (5th Cir. Jan. 14, 1994) (unpublished), the owner of Canton Bail Bonds (Edmonson) filed a § 1983 action against several defendants, including the Sheriff of Van Zandt County, alleging a conspiracy to monopolize the bail bond business in the County and to drive him out of business. The

8

district court found the defendants liable and enjoined them from impeding Edmonson's bail bond business.

On appeal, this Court noted that the Sheriff had revoked Edmonson's bail bonding license on at least three occasions without providing any notice and thereafter refused to provide Edmonson with access to the information on which the suspension was based. We easily concluded that Edmonson's bail bonding *license* was a property right that entitled him to some due process protection, explaining that "[i]t is well established that "a reasonable, continued expectation of entitlement to a previously acquired benefit constitutes a cognizable property interest for purposes of due process protection.' " *Edmonson,* slip op. at 4 (citations and internal quotation marks omitted).[2]  We then opined that "it was clearly established that some process was due before Edmonson could be deprived of his license." *Edmonson,* slip op. at 4.  Because the sheriff's department provided no process to Edmonson prior to the revocation of the license, a clearly established right was violated.

In regard to the second step of the qualified immunity analysis, the Sheriff in *Edmonson* argued that simply preferring one bail bonding company over another had not been previously held to

_____

[2]Our opinion provided that Edmonson had a bail bondsman license in Van Zandt County, which indicates that the bonding business in Van Zandt County was governed by Article 2372p-3. Therefore, although we found that Edmonson, a Texas bail bondsman, had a clearly established property right entitling him to due process protection, we did not address the question (raised by the instant defendants) whether a bondsman in a county that was not regulated by article 2372p-3 had a protected property interest in writing bonds.

9

be unlawful and thus the sheriff's conduct was objectively reasonable at that time. We rejected that argument, concluding that "[t]he contours of the rights at issue were sufficiently clear that a reasonable official would understand that Defendants' particular acts did violate those rights." *Edmonson,* slip at 4-5. We then listed the particular acts[3] and explained that "[n]o reasonable officer could conclude that such invidiously discriminatory conduct and policies would not infringe Edmonson's rights." *Id.* at 5.

Similarly, in the instant case, we find that no reasonable official could conclude that suspending Vera's bonding privileges without providing him an opportunity to refute the previously referenced allegations would not violate Vera's procedural due process rights. Therefore, we reverse the district court's grant of summary judgment in favor of Sheriff Tue on this claim.

Hale County, citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), argues that it may not be held liable for the actions of Sheriff Tue because the matters in question are not under the control of the Commissioners Court, the governing body of Hale County. We have previously

---

[3]We listed the following acts:

> [T]hey enforced discriminatory treatment of Edmonson by instructing employees to deny Edmonson and his company privileges enjoyed by [Free State Bail Bond Service], by harassing or intimidating jailers who questioned the policy of favoritism towards [Free State Bail Bond Service], by rewarding jailers or trusties who approved of their policy or treated her business preferentially, by harassing Edmonson, and by allowing and encouraging solicitation of business only for Free State.

10

determined that holding a Texas county liable for the actions of its sheriff "does not run afoul of *Monell's* admonition against *respondeat superior* liability on the part of the county for the actions of its employees." *Turner v. Upton County, Tex.,* 915 F.2d 133, 137 (5th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). We explained that the Sheriff, an elected county official, had equal authority to the county commissioners in that jurisdiction and that his actions constituted those of the county just as much as those of the commissioners. *Id.; accord Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980). Hale County is therefore liable for Sheriff Tue's actions. The district court's grant of summary judgment in favor of Hale County on this claim also must be reversed.

IV. EQUAL PROTECTION CLAIM

The Bonding Company argues that the defendants violated its equal protection rights because the defendants' actions were not rationally related to any governmental interest. The equal protection clause "essentially" directs states to treat "all persons similarly situated" alike. *City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). It is violated only by intentional discrimination. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose ... implies more than intent as violation or as awareness of consequences[.] ... It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for

11

*the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause occurs only when, *inter alia,* the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988).

The Bonding Company contends that it submitted summary judgment evidence to the district court showing that Sheriff Tue's sister-in-law and Sheriff Tue's wife had financial interests in competing bonding companies in the Hale County area. Vera's allegations, however, do not indicate that the Bonding Company was a member of an identifiable group for equal protection purposes. "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Brennan,* 834 F.2d at 1257. Viewing the facts in the light most favorable to the Bonding Company, all it has shown is nepotistic favoritism on the part of Sheriff Tue. Thus, the district court did not err in granting summary judgment for Sheriff Tue and Hale County on the Bonding Company's equal protection claim.

Accordingly, the district court's grant of summary judgment is AFFIRMED IN PART and REVERSED IN PART.