UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60505
Summary Calendar
_____


W C GORDEN,

                                        Plaintiff-Appellant,

versus

JACKSON STATE UNIVERSITY; BOARD OF TRUSTEES OF
INSTITUTIONS OF HIGHER LEARNING; JAMES E LYONS, SR,
Individually and in his official capacity as President of
Jackson State University; EVALEE BANKS, Individually and
in her official capacity as Vice President of Jackson
State University; ALL DEFENDANTS,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:95-CV-89)
_____

April 18, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        W.C. Gorden appeals the district court's grant of summary

judgment dismissing his claims against defendants following his

termination as Athletic Director at Jackson State University and

his assignment to the Department of Health, Physical Education, and

Recreation.  For the reasons that follow, which are essentially the

same as those stated by the district court, we AFFIRM.

---

        [*]     Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in Local Rule 47.5.4.

## I. BACKGROUND

On July 1, 1994, W.C. Gorden entered into a one-year written contract with the Board of Trustees of State Institutions of Higher Learning of the State of Mississippi concerning his employment at Jackson State University. Prior to entering into this contract, Gorden had been employed at Jackson State for over twenty-six years, serving in a variety of positions within the Health and Physical Education Department and within the University's Athletic Administration.

The employment contract signed by Gorden was simple and straightforward. Page one of the contract provided that Gorden was to be employed as an "Instructor of Health" and as "Director of Athletics" within the Department of Health, Physical Education, and Recreation, and the Department of Athletics Administration. The term of the contract was for one year, beginning July 1, 1994 and ending June 30, 1995, at a stated salary. Page two provided that Gorden would serve as Jackson State's "Director of Athletics." Page three discussed possible sanctions if Gorden committed certain infractions and also outlined Jackson State's right to reassign Gorden. In full, page three provided:

> **Athletics (NCAA Violations and Change of Duties)**
> The employee acknowledges that involvement in a deliberate and serious violation of any law, regulation, rule, by-law, policy or constitutional provision of the State of Mississippi, the Board, the NCAA, conference or any other governing authority may result in suspension without pay and/or termination of this contract. In addition, the University reserves the right to assign duties, to transfer, reassign, or otherwise change the duties of the Employee during the term of this contract.

On December 19, 1994, Evalee Banks, Vice-President of Jackson State, summoned Gorden into her office and delivered to him a letter signed by Jackson State President James Lyons. The letter informed Gorden that effective immediately his employment as Director of Athletics was terminated, and that he had been detailed to the Department of Health, Physical Education, and Recreation.[1] The letter further provided that Gorden would continue to receive his current salary until June 30, 1995, at which time his salary would be adjusted to reflect the salary paid instructors in the Department of Health, Physical Education, and Recreation.

The local media broadcast and published news of Gorden's termination, including statements by Vice-President Banks that Gorden claims publicly disparaged his management capabilities, his ability to raise money, his ability to gain support from alumni, and his ability to enhance the athletic program. The day following his reassignment, a security officer was posted outside the Athletic Director's office and local news crews filmed Gorden as he removed personal items from the office.

Following his termination as Athletic Director and assignment to the Department of Health, Physical Education, and Recreation, Gorden retained counsel and sent a letter to President Lyons requesting both written reasons for his termination as

---

[1] The letter originally given to Gorden stated that his termination as Athletic Director was effective January 19, 1995, and that his assignment to the Department of Health, Physical Education, and Recreation was effective January 20, 1995. That evening, however, Jackson State security personnel delivered a corrected letter to Gorden's home in which the dates had been changed to December 19, 1994 and December 20, 1994.

Athletic Director and a hearing. President Lyons responded by letter addressed to Gorden's counsel stating:

> Jackson State University chose to exercise its right to make an administrative change in the Department of Athletics by reassigning Mr. Gorden from part-time administration and part-time teaching responsibilities to full-time teaching responsibilities. . . . The University reassigned Mr. Gorden's duties pursuant to his contract, and did not violate any of his statutory and constitutional rights.

Thereafter, on January 31, 1995, Gorden filed suit against Jackson State University, the Board of Trustees of Institutions of Higher Learning, James E. Lyons, Sr., individually and in his official capacity, and Evalee Banks, individually and in her official capacity (defendants). Proceeding under 42 U.S.C. § 1983, Gorden alleged that his termination and reassignment violated his liberty and property interests protected by the Fifth and Fourteenth Amendments. Additionally, Gorden asserted state law claims of wrongful discharge, intentional infliction of emotional distress, breach of contract, ultra vires termination, as well as denial of due process under Article 3, Section 14 of the Mississippi Constitution.

On March 1, 1995, defendants filed a Motion to Dismiss, or alternatively, for summary judgment, as well as a motion to hold discovery in abeyance pending a decision on the qualified immunity defense asserted by President Lyons and Vice-President Banks. The court granted defendants' motion to hold discovery in abeyance and eventually granted summary judgment and dismissed all claims with prejudice. Gorden timely appeals.

## II. DISCUSSION

### A. Standard of Review

We review the district court's grant of summary judgment *de novo*, using the same standard as applied by the district court. *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996). Summary judgment should be granted if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although all inferences are to be drawn in favor of the nonmovant, "[i]f the record as a whole could not lead a rational trier of fact to find for the nonmovant, then there is no genuine issue for trial." *Vera*, 73 F.3d at 607.

### B. Constitutional Claims

Gorden contends that the district court erred in concluding that he did not have a property interest in continued employment as Athletic Director for the term of the contract, and in holding that he had failed to present a genuine issue of material fact as to his liberty interest claim. Gorden argues that the employment contract is ambiguous, and that he presented evidence creating a genuine issue of material fact regarding whether Lyons and Banks made false and defamatory statements regarding Gorden's performance as Athletic Director and also orchestrated his discharge in such a manner as to communicate that Gorden had been involved in misconduct. We disagree.

The employment contract in question is unambiguous in that it grants Jackson State the right to "transfer, reassign, or

5

otherwise change the duties" of Gorden during the term of the contract. *See Simmons v. Bank of Mississippi*, 593 So. 2d 40, 42-43 (Miss. 1992)(court must determine the meaning of the language used in the contract, not ascertain some unexpressed intention of the parties); *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987)(when construing provisions of a contract, the court must look to the document as a whole). Based on the contract, Gorden has failed to establish a constitutionally protected property interest in serving as Athletic Director for Jackson State. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)(mere expectation does not create protected property interest). Additionally, even if a property interest exists, it is undisputed that when Gorden was terminated as Athletic Director and assigned to the Department of Health, Physical Education, and Recreation, he continued to receive the contracted for salary contained in the July 1, 1994 employment contract and has therefore suffered no compensable damage as a result of his reassignment. *Davis v. Mann*, 882 F.2d 967, 973 (5th Cir. 1989); *see Robinson v. Boyer*, 825 F.2d 64, 67 (5th Cir. 1987). The district court did not err in granting summary judgment as to Gorden's property interest claim.

Concerning Gorden's liberty interest claim, the fact that Gorden continued as an employee with Jackson State following his termination as Athletic Director negates his liberty interest claim. As explained in *Moore v. Otero*, 557 F.2d 435, 438 (5th Cir. 1977):

6

> When an employee retains his position even after being defamed by a public official, the only claim of stigma he has derives from the injury to his reputation, an interest that [*Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155 (1976)] reveals does not rise to the level of a liberty interest. The internal transfer of an employee, unless it constitutes such a change of status as to be regarded essentially as a loss of employment, does not provide the additional loss of a tangible interest necessary to give rise to a liberty interest meriting protection under the due process clause of the fourteenth amendment.

*Id.* at 438, *see Schultea v. Wood*, 27 F.3d 1112, 1117-18 (5th Cir. 1994), *modified on reh'g en banc*, 47 F.3d 1427 (5th Cir. 1995). The assignment of Gorden as a full-time health instructor did not amount to "essentially a loss of employment" under Moore. The district court properly found that Gorden has not been deprived of a liberty interest protected by the Fourteenth Amendment.

C. State Law Claims

The district court properly granted summary judgment as to Gorden's state law claims. The employment contract unambiguously provides that Jackson State may "transfer, reassign, or otherwise change the duties" of Gorden during the term of the contract. The University did not breach Gorden's employment contract by removing him as Athletic Director and assigning him, at the same pay, to the Department of Health, Physical Education, and Recreation, nor does the University's conduct give rise to a claim of wrongful discharge since Gorden was merely assigned to another position identified by his employment contract within the University. Additionally, Gorden's claim of intentional infliction of emotional distress fails because the University's assignment of Gorden pursuant to the contract to full-time teaching without loss

7

of pay was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991)(Mississippi law)(citation omitted). Lastly, Gorden's due process claim under the Mississippi Constitution fails for the same reasons Gorden's Federal Constitutional claims failed. *Walters v. Blackledge*, 71 So. 2d 433, 444 (Miss. 1954)(federal "due process" is the same as state "due process").

D. Discovery

Gorden argues that the district court erred in granting summary judgment without affording him the benefit of discovery. Specifically, Gorden contends that there is an issue regarding the meaning of the employment contract and that to grant summary judgment without allowing him to depose and examine agents of the University regarding their understanding of the contract was an abuse of discretion. We disagree.

The focus of Gorden's claim centers on the interpretation of the employment contract between Gorden and the Board of Trustees. The interpretation of written contracts is a question of law decided by the court. *Hall v. State Farm Fire & Casualty Co.*, 937 F.2d 210, 213 (5th Cir. 1991); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 780 (5th Cir. 1986), *cert. denied*, 481 U.S. 1015, 107 S. Ct. 1892 (1987). We agree with the district court that the contract is unambiguous in that it grants Jackson State the right "to assign duties, to transfer, reassign, or otherwise change the duties of [Gorden] during the term of [the] contract." Jackson

8

State exercised this right by assigning Gorden to the Department of Health, Physical Education, and Recreation within the University. Gorden continued to receive the contracted for salary. Gorden has "failed to point to any issue of material fact that could preclude summary judgment." *NGS American, Inc. v. Barnes*, 998 F.2d 296, 300 (5th Cir. 1993); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The district court did not err in granting summary judgment prior to discovery.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

9