UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40863
Summary Calendar

_____

ERNESTO C. CASTANEDA, doing business as
Castaneda's Nationwide Federal Bonding
and Bail Bonds Companies, Ltd.,

Plaintiff-Appellant,

versus

RENE GUERRA, In His Individual Capacity as
District Attorney of Hidalgo County, Texas;
WILLIAM McPHERSON, In His Individual
Capacity as Assistant District Attorney
of Hidalgo County, Texas,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(M-97-CV-195)

_____

December 23, 1999

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ernesto C. Castaneda, *pro se*, appeals the summary judgment dismissing his action against Hidalgo County, Texas, District Attorney Rene Guerra, and Assistant District Attorney William McPherson. Castaneda claimed that his constitutional right to due

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

process was violated when the Hidalgo County Sheriff, after receiving a letter from the Hidalgo County District Attorney, refused to accept bail bonds issued by Castaneda.  He also claimed that the defendants violated his rights to equal protection and freedom of association, as well as the Contract Clause, the Dormant Commerce Clause, the federal Privacy Act, the Sherman Antitrust Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), and ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971).  Castaneda admitted that he was *not* licensed to operate a bail bond business in Hidalgo County, but maintained that he was exempt from the licensing requirement under a "grandfather clause", because he has been writing such  bonds in South Texas for several decades.

We review a summary judgment *de novo*.  *E.g.,* ***Topalian v. Ehrman***, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  It "shall be rendered forthwith, [, pursuant to the summary judgment record,] there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).  If the movant meets the initial burden of showing that there is *no* material fact issue, the burden shifts to the nonmovant to produce evidence or otherwise designate specific facts showing the existence of such an issue for trial.  FED. R. CIV. P. 56(e); *see also* ***Little v. Liquid Air Corp.***, 37 F.3d

2

1069, 1075 (5th Cir. 1994) (en banc).  (Castaneda's and Appellees' motions to supplement the record are **GRANTED**.)

Summary judgment was appropriate against Castaneda's due process claim, because he did *not* demonstrate that the defendants deprived him of a constitutionally-protected liberty or property interest.  Under Texas law, he was required to obtain a license before issuing the bonds. *See* TEX. REV. STAT. ANN. art. 2372p-3.  It is undisputed that he *never* applied for the license; likewise, he failed to establish that, pursuant to a "grandfather clause", he was exempt from the licensing requirements. *See* **Blackburn v. City of Marshall**, 42 F.3d 925, 935-41 (5th Cir. 1995).  Similarly because Castaneda is free to seek a license to issue bail bonds in the County, he has *not* established that he was deprived of a protected liberty interest in pursuing his occupation. *See* **Martin v. Memorial Hospital at Gulfport**, 130 F.3d 1143, 1147-49 (5th Cir. 1997).  As to Castaneda's claim that the defendants damaged his reputation, he did *not* present evidence that the defendants' conduct so "stigmatized him and so damaged his reputation in the community that he could not earn a living". *Id*. at 1149.

Summary judgment was proper against Castaneda's equal protection claim, because he did *not* present evidence that the defendants allowed other unlicensed bail bondsmen to issue bonds in the County. *See* **Vera v. Tue**, 73 F.3d 604, 609-10 (5th Cir. 1996).

3

Finally, summary judgment was proper against Castaneda's claims against defendants in their official capacities. Concerning the damage claims, defendants are immune from liability under the Eleventh Amendment. *See **Esteves v. Brock***, 106 F.3d 674, 677 n.8 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 91 (1997). Regarding the requested permanent injunction, the County is subject to liability under § 1983 *only* if constitutional violations resulted from an official county policy or custom. *See **Flores v. Cameron County***, 92 F.3d 258, 263 (5th Cir. 1996). As stated, Castaneda did *not* establish such violations.

Castaneda did *not* adequately brief, and therefore abandoned, his contentions that the defendants' actions violated the constitutional prohibition against bills of attainder, his right to freedom of association, the Contract Clause, the Dormant Commerce Clause, **Bivens**, the Privacy Act, the Sherman Antitrust Act, and RICO. *See* FED. R. APP. P. 28(a)(9); **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

                                                              ***AFFIRMED***