Anthony **CORDRAY**, Plaintiff,

v.

**COUNTY OF LINCOLN, et al., Defendants.**

**No. CIV03–0627LCS/LAM.**

United States District Court, D. New Mexico.

Jan. 26, 2004.

---

J. Robert Beauvais, Ruidoso, NM, for Plaintiff.

Michael S. Jahner, Michael J. Dekleva, Kerri L. Sanchez, for Defendant.

## ORDER ON DEFENDANT
## NISHITANI'S MOTION
## TO DISMISS

SMITH, United States Magistrate Judge.

THIS MATTER having come before the Court on Defendant Michael Nishitani's Motion to Dismiss (Doc. No. 15), and the Court having reviewed the pleadings, the motion and the memoranda submitted in connection therewith, and the Court being otherwise fully advised in the premises, finds that the motion is not well taken and should be **DENIED**.

Plaintiff alleges in his Response that Dr. Nishitani is "not sued personally". (Response p. 2). The Court assumes that Plaintiff means that Dr. Nishitani is being sued only in his official capacity and is not being sued individually. Moreover, the caption of the Complaint describes the action against Dr. Nishitani as one "in his official capacity".

■ Section 1983 actions against individuals in their official capacities are not sustainable since the identity of the individual is subsumed in the governmental entity's identity. *Brandon v. Holt*, 469 U.S. 464, 472, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). *See also, Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 783 (10th Cir.1993)("Since a judgment against a public servant in his or her official capacity imposes liability on the entity he or she represents ... an official capacity suit is simply another way of pleading an action against that entity".)

■ Although official capacity suits against government employees are not sustainable, the question remains to what extent Dr. Nishitani was a government employee rather than an independent contractor. The critical determination in distinguishing a government employee from an independent contractor is the power of the government to control the detailed physical performance of the contractor. *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). In the Tenth Circuit, the key inquiry is whether the government supervises the day-to-day operations of the individual. *Lilly v. Fieldstone*, 876 F.2d 857, 858 (10th Cir.1989)(quoting *Lurch v. United States*, 719 F.2d 333, 337 (10th Cir.1983)).

■ The inquiry surrounding the extent to which the government supervises an individual includes consideration of the intent of the parties, the allocation of insurance obligations and whether the government in fact controlled only the end result of an individual's actions or also controlled the method and manner in which the individual conducted his activities. *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir.1999). Defendant's Motion must be denied at this time because the record before this Court is insufficient to determine the exact nature of Defendant's relationship with the governmental entity.

■ Finally, Defendant Nishitani argues in his Motion that Plaintiff's claim is improper because Plaintiff has failed to exhaust his administrative remedies as required by the New Mexico Medical Malpractice Act before filing suit in this Court. NMSA 1978, Section 41–5–19–(A)(2003). However, it is apparent from the Complaint that Plaintiff does not make a claim against Defendant for medical malpractice. Rather, Plaintiff claims that all Defendants, including Dr. Nishitani, exhibited deliberate indifference to his medical condition, thereby stating a constitutional claim under the Eighth Amendment.

■ The standard for proving negligence is different from the standard for proving deliberate indifference. 1978 NMSA, Section 41–5–3(C) makes clear, in defining "malpractice claim", that such claims are to include only those actions for

injury resulting from negligence or breach of contract. The New Mexico Medical Malpractice Act covers all causes of action based on acts of malpractice. *Wilschinsky v. Medina,* 108 N.M. 511, 517, 775 P.2d 713 (N.M.1989). By implication, the Act does not cover claims not based on acts of malpractice.

The procedures of the Medical Malpractice Act do not apply to Plaintiff's claim therefore, because Plaintiff does not bring a claim for medical malpractice. The Medical Malpractice Act deals with acts of negligence. Plaintiff does not allege negligence by Defendant Nishitani, but rather deliberate indifference under the Eighth Amendment. The Eighth Amendment is violated when an individual acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety. *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir.2000). Moreover, the deliberate indifference standard requires both knowledge and disregard of possible risks, a *mens rea* on a par with criminal recklessness. *DeSpain v. Uphoff,* 264 F.3d 965, 975 (10th Cir.2001)(quoting *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Whether an individual had the requisite knowledge of a substantial risk and ignored that risk is a question of fact. *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970. Because Plaintiff's claims do not arise under the New Mexico Medical Malpractice Act but under the Eighth Amendment, Defendant's Motion to Dismiss because of Plaintiff's failure to comply with the provisions of the Act must be denied.

**IT IS SO ORDERED.**