**Pascual Q. OLIBAS, individually and d/b/a Freedom Bail Bonds, Plaintiff,**

v.

**Arnulfo GOMEZ, Sheriff of Reeves County, Texas, Reeves County, Texas, General Star Company and Summit Risk Services, Inc., Defendants.**

No. EP–05–CA–225 KC.

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 6, 2006.

---

Mario A. Gonzalez, Mike Milligan, Attorney at Law, El Paso, TX, for Plaintiff.

Andres Eduardo Almanzan, Kurt G. Paxson, Mounce, Green, Myers, Safi, Paxson & Galatzan, Ruben S. Robles, Robles, Bracken, Coffman & Hughes, El Paso, TX, Robert T. Bass, Allison, Bass and Associates, LLP, Austin, TX, for Defendants.

## ORDER

CARDONE, District Judge.

On this day, the Court considered Defendant Sheriff Gomez' Partial 12(b)(6) Motion to Dismiss ("Motion"). For the reasons set forth herein, the Motion is **DENIED.**

## I. BACKGROUND

The instant case involves a suit brought by Plaintiffs Pascual Q. Olibas and Cheryl Olibas, individually and doing business as Freedom Bail Bonds ("Plaintiffs"), against Defendants Arnulfo Gomez, Sheriff of Reeves County, Texas ("Gomez") and Reeves County, Texas ("Reeves County"). Pls.' Second Am. Compl. and Req. for Inj. ¶ 1.

In 2001, Plaintiffs sued Defendants Gomez and Reeves County for violations of 42 U.S.C. § 1983 (§ 1983). *Id.* at 3. Plaintiffs settled this lawsuit with both defendants in 2002. *Id.*

On June 14, 2005, Plaintiffs filed the instant suit in federal court alleging breach of the 2001 settlement agreement and new violations of § 1983, for breach of Plaintiffs' First and Fourteenth Amendment rights under the United States Constitution and breach of Plaintiffs' right of free speech under the Texas Constitution. Def. Sheriff Gomez' Partial 12(b)(6) Mot. to Dismiss ¶ 1 ("Def.'s Mot.").

Now before this Court is Defendant Gomez' Rule 12(b)(6) Partial Motion to Dismiss.

## II.  DISCUSSION

### A.  Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.; Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir.2001).

### B.  Plaintiffs' § 1983 Claims Against Defendant Gomez in His Official Capacity

Defendant Gomez argues that Plaintiffs' § 1983 claims against him should be dismissed because "[s]ection 1983 claims against individuals in their official capacities 'are not sustainable since the identity of the individual is subsumed in the government's identity,'" citing *Cordray v. County of Lincoln*, 320 F.Supp.2d 1171, 1172 (D.N.M.2004). Def.'s Mot. ¶ 3. In their response, Plaintiffs first note that as a county sheriff, Defendant Gomez wields considerable power and authority. Pls.' Resp. to Partial 12(b)(6) Mot. of Def. Gomez ¶¶ 4–6 ("Pls.' Resp."). Plaintiffs further argue that there is no authority for dismissing the § 1983 claims against Defendant Gomez, and "[a]t worst, it might be redundant to sue the Sheriff in both his individual and official capacities and the County as well." *Id.* ¶ 8.

■ A person's performance of official duties creates two potential liabilities. *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 484 (5th Cir.2000). One type of potential liability is individual capacity liability for the person performing the duties. *Id.* The other type of potential liability is official capacity liability for the municipality. *Id.*

■ "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)); *see also Jackson v. Sheriff of Ellis County*, 2001 WL 1149102, at *, 2001 U.S. Dist. LEXIS 15416, at *4 (N.D.Tex. Sep. 26, 2001) ("[A] suit against the sheriff solely in his official capacity is, in effect, a suit against [the county]."); *Lester v. Rosedale*, 757 F.Supp. 741, 745 (N.D.Miss.1991) (citing *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir.1987)). Nevertheless, when a plaintiff sues an actor in both his individual and official capacities, in addition to the entity, courts are not obligated to dismiss the suit against the actor in his official capacity. *See, e.g., Lester*, 757 F.Supp. at 745 (analyzing claims against police chief in his official capacity with claims against the city and separately from claims against police chief in his individual capacity). Rather, courts analyze the claims against the actor in his official capacity together with those against the entity, and separate from the claims against the actor in his individual capacity. *Id.; cf. Cordray*, 320

F.Supp.2d at 1173 (where court held that "actions against individuals in their official capacities are not sustainable since the identity of the individual is subsumed in the governmental entity's identity," but where actor was sued solely in his official capacity).

■ In the instant case, Defendant Gomez has been sued in both his individual and official capacities, along with Defendant Reeves County. As illustrated above, the appropriate remedy in such a case is not to dismiss those claims against Defendant Gomez in his official capacity, but rather to consider the claims against him in his official capacity with those against Defendant Reeves County and separate from the claims against Defendant Gomez in his individual capacity. Accordingly, Defendant Gomez' Motion is denied with respect to this issue.

## C. Plaintiffs' Free Speech and Retaliation Claims Under the First Amendment

■ Defendant Gomez argues that Plaintiffs have failed to state a claim for damages under the First Amendment to the United States Constitution because they failed to identify the following: (1) the precise expressions which they were not permitted to make; (2) how their expressions involved a matter of political, social, or other concern; (3) how their expressions are protected under federal law; (4) how Plaintiffs' interest in these expressions outweigh any interest of either Defendant in promoting the efficient operations of the Reeves County bail bond policies in the Pecos Jail; (5) how said expressions were a substantial and motivating factor in either Defendant's decisions to make certain bail bond policy decisions; (6) how either Defendant acted intentionally to chill Plaintiffs' expressions, discredit them by damaging their reputations, or punish them for exercising their free speech rights; and (7) how either Defendant prevented Plaintiffs from speaking or seeking redress, or otherwise deprived Plaintiffs of their First Amendment rights. Def.'s Mot. ¶ 4. Without providing any explanation of the law or applying the facts of this case to the law, Defendant Gomez simply cites two cases in support of this position—*Waters v. Churchill*, 511 U.S. 661, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) and *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). *Id.*

Plaintiffs respond by arguing that the appropriate remedy for Defendant Gomez' objection is a motion for a more definite statement, rather than a motion to dismiss. Pls.' Resp. ¶ 9. Plaintiffs argue that to grant Defendant Gomez' requested relief on this issue would be equivalent to reviving the Fifth Circuit's heightened pleading standard, which the United States Supreme Court rejected in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167–68, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). *Id.* Plaintiffs further note that the evidentiary detail sought by Defendant Gomez is more properly the subject of discovery, rather than pleading. *Id.*

■ The First Amendment to the United States Constitution prohibits both direct limits on individual speech and adverse governmental action against an individual in retaliation for the exercise of protected speech activities. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir.2002). In order to establish a First Amendment retaliation claim, an ordinary citizen must show that: (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated

against the plaintiff's exercise of constitutionally protected conduct. *Id.* The effect on the plaintiff's freedom of speech need not be great in order to be actionable, since there is no justification for harassing people as a consequence of their exercise of constitutional rights. *Id.* at 259.

Both cases cited by Defendant Gomez address the First Amendment protections afforded to government employees, rather than private citizens. *Compare Keenan,* 290 F.3d at 258 (private citizen), *with Waters,* 511 U.S. at 668, 114 S.Ct. 1878 (public employee), *and Connick,* 461 U.S. at 142, 103 S.Ct. 1684 (public employee). Moreover, neither case specifically requires that a plaintiff plead the information listed by Defendant Gomez in order to state a claim under the First Amendment. *Waters,* 511 U.S. at 668, 114 S.Ct. 1878; *Connick,* 461 U.S. at 142, 103 S.Ct. 1684. Accordingly, Defendant Gomez has failed to meet his burden in showing, beyond a reasonable doubt, that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *S. Christian Leadership Conference,* 252 F.3d at 786. Thus, Defendant Gomez' Motion is denied with respect to this issue.

### D. Plaintiffs' Free Speech and Retaliation Claims Under Article I, Section 8 of the Texas Constitution

In addition to reiterating the arguments above with respect to Plaintiffs' claims under Article I, section 8 of the Texas Constitution, Defendant Gomez argues that there is no implied cause of action for damages against governmental entities for violations of the free speech and assembly clauses of the Texas Constitution. Def.'s Mot. ¶ 4 n.1. Plaintiffs respond by acknowledging that money damages are not recoverable in cases based on alleged violations of the Texas Constitution, but that equitable remedies are available for such violations. Pls.' Resp. ¶ 17.

■ The Texas Constitution does not allow a plaintiff to seek compensation for damages as a result of constitutional violations. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex.1995). Nonetheless, the Texas Constitution does allow a plaintiff to seek equitable relief as a result of constitutional violations. *Id.*

In the instant case, Plaintiffs have stated that they seek only equitable remedies for violations of their rights under the Texas Constitution, and have asked for money damages as a result of violations of their rights under the United States Constitution. Pls.' Resp. ¶ 17. Defendant Gomez has failed to address this point. Accordingly, Defendant Gomez has failed to meet his burden in showing that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *S. Christian Leadership Conference,* 252 F.3d at 786. Thus, Defendant Gomez' Motion is denied with respect to this issue.

### E. Plaintiffs' Procedural Due Process Claim Under the Fourteenth Amendment

■ Defendant Gomez argues that Plaintiffs' ability to have their bail bonds accepted at the Reeves County Jail in Pecos is not a property or liberty interest protected under the Fourteenth Amendment to the United States Constitution. Def.'s Mot. ¶ 8. As such, Plaintiffs cannot have suffered an unconstitutional deprivation. *Id.* Moreover, Defendant Gomez argues that Plaintiffs have not alleged that he prohibited them from writing bail bonds in Reeves County or that he took adverse action against them or their business without notice or a hearing, and thus they have failed to state a claim under the Due Process Clause of the Fourteenth Amendment. *Id.* Plaintiffs respond by acknowledging that "there is some authority for [Defendant Gomez'] strange proposition,"

but that the law cited by Defendant Gomez is distinguishable from the law applicable in the instant case, and further that Plaintiffs have protected property and liberty interests at stake. Pls.' Resp. ¶¶ 10–15.

The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. 14, § 1; *Price v. Carpenter,* 758 F.Supp. 403, 406 (N.D.Tex.1991) (citing *Brock v. Roadway Express, Inc.,* 481 U.S. 252, 261, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987)). In order to bring a procedural due process claim under § 1983, a plaintiff must identify a protected life, liberty, or property interest and prove that government action resulted in a deprivation of that interest. *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir.2001) (citing *San Jacinto Sav. & Loan v. Kacal,* 928 F.2d 697, 700 (5th Cir.1991)). "Absent an identifiable property interest, [a plaintiff] cannot argue that [he was] denied due process." *Wilson v. United States Dep't of Agric.,* 991 F.2d 1211, 1216 (5th Cir.1993). Property interests are created and defined by state law. *Price,* 758 F.Supp. at 406 (citing *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)).

In *Vera v. Tue,* 73 F.3d 604 (5th Cir. 1996), the Fifth Circuit addressed whether or not a bail bondsman had a property interest in the right to earn a living by writing bail bonds. *Vera,* 73 F.3d at 607. In *Vera,* a sheriff in Texas suspended a bail bondsman's bond writing privileges, claiming that the bondsman solicited jail trustees for assistance in making bonds, perused jail records without authorization, behaved disrespectfully towards judges, and allowed his bonding company's ratio of collateral to outstanding bonds to fall below the acceptable level. *Id.* at 606. The bail bondsman sued the sheriff, claiming that the sheriff had deprived him of a property interest protected under the Tex-

as Constitution in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Id.* at 606. In holding that the district court erred in granting the sheriff qualified immunity, the Fifth Circuit found that the Texas Supreme Court had already recognized that " 'the right to earn a living by writing bail bonds is a property interest protected by the Texas Constitution.' " *Id.* at 607 (relying on *Font v. Carr,* 867 S.W.2d 873 (Tex.App.1993)). Moreover, the Fifth Circuit noted that even if its interpretation of the Texas Supreme Court's holding in *Font* was incorrect, the bondsman had nonetheless shown the existence of an interest protected by due process because the bondsman's reputation and integrity were at stake because of government action, thus requiring notice and an opportunity to be heard. *Id.* at 608. Since the sheriff had specifically denied him an opportunity to be heard, the sheriff had violated his right to due process. *Id.*

The Fifth Circuit again addressed a similar issue in *Baldwin v. Daniels,* 250 F.3d 943 (5th Cir.2001). In *Baldwin,* a sheriff in Mississippi removed a bail bondswoman from an approved list of bondsmen, effectively preventing her from writing bonds in Pontotoc County, Mississippi. *Baldwin,* 250 F.3d at 944. The bondswoman sued the sheriff, claiming that this action violated the Due Process Clause of the Fourteenth Amendment. *Id.* at 945. In reviewing the district court's grant of summary judgment in favor of the sheriff, the Fifth Circuit held that the bondswoman was not deprived of a liberty or property interest protected under Mississippi law. *Id.* at 947. The Fifth Circuit found that the sheriff's action merely restricted the bondswoman's ability to write bonds, rather than completely eliminating her ability to do so. *Id.* at 946. Moreover, the Fifth Circuit noted that Mississippi law expressly leaves the

728

approval of tendered bonds to the discretion of the responsible officer, and "[d]iscretionary statutes do not give rise to constitutionally protectable interests." *Id.*

The *Vera* and *Baldwin* courts addressed similar issues and reached dissimilar conclusions. In *Vera*, the Fifth Circuit applied Texas law and reached the conclusion that the right to earn a living by writing bail bonds is, in fact, a property interest protected under Texas law. *Vera*, 73 F.3d at 607. In *Baldwin*, the Fifth Circuit applied Mississippi law and reached the conclusion that the ability to have bail bonds accepted is not a property or liberty interest protected under Mississippi law. *Baldwin*, 250 F.3d at 946–47. Because property interests are created and defined by state law, *Price*, 758 F.Supp. at 406, and the instant suit arose in Texas, *Vera*'s holding controls the instant case. Moreover, even if this Court were to apply the standards announced in *Baldwin*, there is one key fact which distinguishes the outcome of the instant case from that of *Baldwin*—namely the fact that Mississippi law "expressly" leaves the approval of bonds to the discretion of the sheriff, whereas there is no such express provision in Texas law. *Compare* MISS.CODE ANN. § 21–23–8 (2006) ("municipal judge ... may *approve* the bond") (emphasis added), *with* TEX.CODE. CRIM. PROC. art. 17.18 (2006) ("sheriff may *take* the necessary bail bond") (emphasis added), *and id.* art. 17.20 ("sheriff ... may ... *take* of the defendant a bail bond") (emphasis added), *and id.* art. 17.21 ("sheriff ... is *authorized* to take a bail bond") (emphasis added), *and id.* art. 17.22 ("sheriff ... may *take* his bail bond") (emphasis added). Thus, as the Fifth Circuit has already interpreted the Texas Constitution to protect the right to earn a living by writing bail bonds, and as Texas law differs from Mississippi law regarding the discretionary authority of sheriffs with respect to the approval of bail bonds, this Court finds that Plaintiffs have succeeded in asserting a property or liberty interest protected by the Fourteenth Amendment. Accordingly, Defendant Gomez' Motion is denied with respect to this issue.

## F. Plaintiffs' Equal Protection Claim Under the Fourteenth Amendment

■ Finally, Defendant Gomez argues that Plaintiffs have failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment because they have failed to: (1) indicate that they or their bonding company is a member of an "identifiable group" for equal protection purposes or (2) allege how Defendant Gomez' actions distinguish between two or more relevant groups so as to deny Plaintiffs the equal protection of the law. Def.'s Mot. ¶ 10. Plaintiffs respond by arguing that the Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" and that more discovery is necessary to determine whether Defendant Gomez has engaged in vindictive action, illegitimate animus, or ill will. Pls.' Resp. ¶ 16.

■ The Equal Protection Clause of the Fourteenth Amendment directs States to treat "all persons similarly situated" alike. *Vera*, 73 F.3d at 609. The Equal Protection Clause is violated by intentional discrimination, which implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action, at least in part, for the purpose of causing an adverse effect on an identifiable group. *Id.* A governmental defendant violates the Equal Protection Clause when its action classifies or distinguishes between two or more relevant persons or groups. *Id.* at 609–10. The Supreme Court has also held, however, that equal protection claims may be brought by a " 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and

that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Whiting v. Univ. of S. Miss.,* 451 F.3d 339, 348 (5th Cir.2006).

In the instant case, Defendants fault Plaintiffs for failing to indicate that they or their bonding company is a member of an identifiable group for equal protection purposes. However, as illustrated by *Olech,* Plaintiffs need not necessarily allege membership in a "group" as long as they meet the requirements for bringing a claim on behalf of a "class of one." Moreover, Plaintiffs have alleged that Defendant Gomez allowed other bonding companies to continue writing bail bonds in Reeves County while denying such privileges to them. Pls.' Second Am. Comp. and Req. for Inj. ¶¶ 11–19. While Plaintiffs may not necessarily prevail in proving these allegations, they are nonetheless entitled to discovery at this point. Defendants have failed to meet their burden in showing that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *S. Christian Leadership Conference,* 252 F.3d at 786. Thus, Defendant Gomez' Motion is denied with respect to this issue.

## III. CONCLUSION

In light of the foregoing, Defendant's Motion (Doc. No. 57) is hereby **DENIED.**

**SO ORDERED.**