**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

No. 12-30495
Summary Calendar

Lyle W. Cayce
Clerk

RONNIE COLEMAN,

Plaintiff-Appellant

v.

DEVIN GEORGE, Assistant Deputy Director of Vital Records,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3209

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronnie Coleman sought to amend his Louisiana-issued birth certificate. After being frustrated in his efforts, Coleman filed a *pro se* complaint against a Bureau of Vital Statistics employee alleging constitutional violations. The district court dismissed for lack of subject matter jurisdiction. We AFFIRM.

Coleman wanted to amend the birth date on his Louisiana-issued birth certificate. He requested assistance from Devin George, an assistant deputy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

director of vital records. Coleman alleges George said in a telephone call that he would "check into said matter and advise." Coleman contends he submitted all required information, and George failed to carry out his official duty to amend the birth certificate.

Coleman also claims he filed a petition in state court to have his birth certificate amended. When he did not receive a response, he moved for a default judgment. When he still received no response, he filed a complaint in the United States District Court seeking to amend his birth certificate and claiming violations of due process and "civil rights." The district court dismissed.

On appeal, Coleman appears to be claiming a violation of equal protection against the Civil District Court of the Parish of Orleans, Judge Ethel Julien, and George. Such a claim could be brought under 42 U.S.C. § 1983. We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *Rothe Dev., Inc. v. U.S. Dep't. of Def.*, 666 F.3d 336, 338 (5th Cir. 2011).

Coleman did not name Judge Julien or the Civil District Court of the Parish of Orleans as defendants in the suit. Further, Coleman has abandoned his due process argument by failing to brief that issue. It is necessary even for *pro se* litigants to brief their arguments. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We have nothing to review regarding these matters.

With regard to his equal protection claim, Coleman argues for the first time on appeal that George refused "to address the issue to amend [Coleman's] birth certificate" because of Coleman's race and because he is a Vietnam veteran. Generally, arguments raised for the first time on appeal are not reviewed by this court. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005). Nonetheless, even if we construe the complaint liberally to include this claim, we cannot conclude that George contributed to a constitutional violation.

The Equal Protection Clause requires states to treat all similarly situated persons alike. *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir. 1996). "It is violated only

No. 12-30495

by intentional discrimination." *Id.* The procedures followed by George and other employees of the Bureau of Vital Statistics are the same for everyone and do not amount to unequal treatment. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). On multiple occasions, employees of the Bureau of Vital Statistics advised Coleman of the proper procedure for amending the date of birth on a birth certificate when the alteration encompasses a period of more than one calendar year. There may have been an oversight by the Bureau of Vital Statistics or the Civil District Court of the Parish of Orleans in handling Coleman's request, but nothing in the record or Coleman's complaint indicates intentional discrimination.

What is left is a claim to require the amendment of Coleman's birth certificate. The district court correctly held that it lacked subject matter jurisdiction over that claim. *See* LA. REV. STAT. ANN. § 40:33D (2012).

AFFIRMED.