**Emmet AKAO, Allen V. Tripp and Garrick Umiamaka, Plaintiffs-Appellants,**

v.

**Edwin T. SHIMODA, Administrator of Oahu Community Correctional Center, and Michael Kanesako, Corrections Division Administrator, Defendants-Appellees.**

No. 84–1538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1987.

Decided June 19, 1987.

William H. Orrick III, and Tom Eicher, San Francisco, Cal., for plaintiffs-appellants.

Glenn S. Grayson and James H. Danneberg, Honolulu, Hawaii, for defendants-appellees.

Before WALLACE, KENNEDY and WIGGINS, Circuit Judges.

PER CURIAM:

Akao, Tripp, and Umiamaka (prisoners) brought a pro se action pursuant to 42 U.S.C. § 1983 alleging a violation of their eighth amendment right to be free from cruel and unusual punishment. The defendants in this action, the Director of Corrections and Administrator of the Oahu Community Correction Center, moved to dismiss. The district court dismissed their action, holding that it "is clear that [the prisoners] can claim no eighth amendment violations." Order, p. 3. The prisoners appealed and we appointed *pro bono* representation. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

■ The district court properly held that an allegation of overcrowding without more does not state a claim under the eighth amendment. *Hoptowit v. Ray,* 682 F.2d 1237, 1249 (9th Cir.1982). But more was alleged here: "Due to population increase in Module–1, there is an increase in stress, tension, communicable diseases, and a high increase in confrontations between inmates." Complaint, ¶ 12. Subsequent to the decision of the district court, we decided *Toussaint v. Yockey,* 722 F.2d 1490 (9th Cir.1984), in which we affirmed a determination of an eighth amendment violation due to overcrowding when it "engenders violence, tension, and psychiatric problems." *Id.* at 1492.

■ Pro se complaints are held to a less strict standard than those drafted by a lawyer. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). It is appropriate to dismiss a pro se's action only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id., quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Given the intervening *Toussaint* opinion, we cannot say now that this test has been met.

■ It is true that the prisoners' allegations are not sufficiently specific and do not allege that they personally have suffered cruel or inhuman punishment, but we cannot hold that it is "beyond doubt" that they could not do so. Therefore, we reverse and remand for the district court to allow the prisoners to file an amendment.

Upon issuance of our mandate, *pro bono* counsel is relieved from his appointment. He may move for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. *Leeds v. Watson,* 630 F.2d 674, 677 (9th Cir.1980).

REVERSED AND REMANDED.