Neil W. SIMSON, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civil No. 99–605–JO.

United States District Court,
D. Oregon.

July 30, 1999.

---

Neil W. Simson, Judithe A. Simson, Cornelius, OR, pro se.

Kristine Olson, United States Attorney, District of Oregon, United States Attorney's Office, Portland, OR, Jian H. Grant, U.S. Department Of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiffs Neil and Judithe Simson, who appear *pro se*, filed this action against defendant United States of America, seeking recovery of an alleged overpayment of federal income taxes for the 1997 tax year. Defendant has moved to dismiss (# 9) plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the reasons stated, defendant's motion is granted.

## FACTUAL BACKGROUND

Plaintiffs allege that on or about January 28, 1998, they filed their 1997 income tax return, in which they requested a refund of $6,046.43. Complaint, p. 1. In the tax return (Exhibit A to the complaint), plaintiffs reported $0.00 in income or other earnings and $6,046.43 in federal taxes withheld, and claimed an overpayment and refund due of $6,046.43, the amount of federal withholding. Exhibit A, pp. 2–3. Plaintiff Neil Simson's 1997 W–2 form, in contrast, shows that in 1997, he earned "[w]ages, tips, other compensation" in the sum of $33,730.67. (Exhibit A, p. 1)

Plaintiffs further allege that they are "entitled to a refund because no 1997 income taxes had ever been assessed against

Plaintiffs[ ]," and that no assessment "of any kind for 1997 income taxes existed on the assessment roles of Defendant when Plaintiffs[ ] filed their 1997 income tax return * * * and requested a refund of all taxes * * *." Complaint, pp. 1–2. In their prayer, plaintiffs ask the court to order defendant to refund the $6,046.43 with interest since April 15, 1998, and for reimbursement of the costs incurred in bringing this action.

## STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 248 (9th Cir.1997)(quoting *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995)); *see also Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir.1995). The court must treat all facts alleged in the complaint as true. *Parks School of Business, Inc.*, 51 F.3d at 1484. All doubts are resolved in favor of the nonmoving party. *Keams v. Tempe Technical Institute*, 39 F.3d 222, 224 (9th Cir.1994).

■■■■ *Pro se* complaints are held to a less strict standard than those drafted by a lawyer. *Bonner v. Lewis*, 857 F.2d 559, 563 (9th Cir.1988). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987). Nevertheless, the court may dismiss a *pro se* complaint outright where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980); *see also Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir.1987).

---

**1.** Plaintiffs filed the tax return at issue jointly, with Judithe Simson listed as Neil Simson's spouse.

## DISCUSSION

Defendant argues that the theory underlying plaintiffs' claim for a refund is contrary to statute and has been rejected by the Ninth Circuit, thus, defendant contends that dismissal is appropriate because it is clear on the face of the complaint that plaintiffs can prove no set of facts that would entitle them to relief. I agree.

■■■■ The Internal Revenue Code imposes a tax on, among others, the taxable income of "every married individual" in accordance with tax tables established by statute. 26 U.S.C. § 1.[1] As pertinent, section 6012 of the tax code requires every individual whose gross income for the taxable year equals or exceeds the exemption amount to file a tax return. 26 U.S.C. § 6012(a). Significantly for purposes of the present case and with certain exceptions not relevant here, section 6151 of the tax code provides:

> [W]hen a return of tax is required under this title or regulations, the person required to make such return shall, *without assessment or notice and demand* from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return * * *.

26 U.S.C. § 6151(a)(emphasis added). Courts have construed section 6151 to mean that regardless of when taxes are actually assessed, the taxes are considered "due and owing—and constitute a liability—as of the date the tax return for the specified period is required to be filed." *Baasch v. U.S.*, 742 F.Supp. 65, 68 (E.D.N.Y.1990), *aff'd* 930 F.2d 911 (2nd Cir.1991)(Table); *see also P.H. Glatfelter Co. v. Lewis*, 746 F.Supp. 511, 518–519 (E.D.Pa.1990)in view of express provisions of the Internal Revenue Code, "it comes as no surprise that the federal courts have

held that, '[u]nder section 6151 * * *, regardless of when Federal taxes are actually assessed, the taxes are considered as due and owing, and constitute a liability as of the date the tax return for the particular period is required to be filed'" (quoting *F.D.I.C. v. U.S.*, 654 F.Supp. 794, 806 (N.D.Ga.1986)); *Medina v. Offord Finance, Inc.*, 205 B.R. 216, 221 n. 13 (B.A.P. 9th Cir.1996)(Ninth Circuit interprets section 6151 to provide that taxes are due and payable on the due date of the return, not the date of assessment).

Indeed, in *Zeier v. U.S. I.R.S.*, 80 F.3d 1360 (9th Cir.1996), an estate tax case, the Ninth Circuit plainly rejected the argument plaintiffs propound in this case, explaining:

> We * * * reject the estate's argument that there can be no payment of tax before the IRS makes a formal assessment of the estate's tax liability. An assessment is merely "a bookkeeping procedure that permits the government to bring its administrative apparatus to bear in collecting a tax." * * * Most taxes are collected voluntarily, without an assessment; an assessment serves as the basis on which the IRS takes action against those who do not voluntarily pay their taxes on time.

*Zeier*, 80 F.3d at 1364 (citations omitted); *see also Ott v. U.S.*, 141 F.3d 1306, 1309 (9th Cir.1998)(quoting the above language from *Zeier* ).

▆ Plaintiffs' entire claim in this case rests on their theory that until the IRS makes an assessment, they owe no taxes and are entitled to a refund. That theory is without merit on both a legal and factual basis. Moreover, it is abundantly clear that the deficiencies in plaintiffs' complaint cannot be cured by amendment. Accordingly, defendant's motion to dismiss is granted.

## CONCLUSION

Defendant's motion to dismiss (# 9) is GRANTED and this case is dismissed.

Any other pending motions are denied as moot.