ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Chief Judge.
ISSUE PRESENTED:
Petitioner, was employed by Spirit Mountain Gaming, Inc., dba Spirit Mountain Casino, from August 21, 1998, until his termination on July 18, 2000. His termination was based on Spirit Mountain’s finding that Petitioner had committed “serious violations of company policy ranging from verbal harassment, unauthorized touching!,] to creating a[n] offensive work environment for other casino workers.” The incident that ultimately led to petitioner’s firing occurred on or about July 2, 2000. Spirit Mountain found that Petitioner “ran his hand up [a female employee’s] leg while he was picking up a marker he had dropped on the floor.” Reportedly, Petitioner also had commented on the female employee’s “assets.” Spirit Mountain concluded that Petitioner had received prior warnings and a one-day suspension, but that “his behavior has proceeded to get worse from telling off color jokes to actually physically touching a female employee inappropriately.” Petitioner appeals from the Final Employment Decision.
BACKGROUND:
Petitioner began work for Spirit Mountain on August 21, 1998. On February 18, 1999, he was subject to employee counseling based on the claim that he had said something to another employee about it being “that time of the month.” Petitioner admitted that was a “bad joke,” said that he had apologized, and affirmed that he would “not make that mistake again.” He was given reading material regarding “respect in the work place” and asked to attend new hire orientation on that subject again, if he was able to do so.
On August 28, 1999, Petitioner was the subject of employee counseling again. He put a note, with part of a pen affixed to it, in another employee’s mail box. The note read “Bob’s dick horn.” This time, Petitioner declined to comment. He was again told to review the materials regarding respect in the workplace, to stop joking around, and to think about what was appropriate at work.
On November 2, 1999, Petitioner was suspended for one day. He allegedly had told a co-worker’s wife on the phone that she was “playing the field like my wife.” That led to a confrontation with the coworker. Petitioner admitted having said *35 something about “running around like my wife,” but claimed that his statement was an innocent one that was misunderstood. He was told to stop “making offbeat remarks to anyone.”
As noted above, the final event in this unhappy saga took place on or about July 2, 2000, when Petitioner allegedly ran his hand up a female employee’s leg. Another employee witnessed that event, and told the employer about it and about Petitioner’s other inappropriate comments to the same female employee. The female employee later confirmed the occurrence of the incident and Petitioner’s earlier comments about her “assets.” Petitioner was then fired.
STANDARD OF REVIEW:
The Tribe’s Employment Action Review Ordinance, Tribal Code section 255.5(d)(8), provides that the Court may reverse a Final Employment Decision, in whole or in part, if the employee’s substantial rights have been denied because the decision: (A) violates applicable provisions of the Tribal Constitution; (B) violates applicable provisions of Tribal law; (C) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable law; or (D) is not supported by substantial evidence on the record taken as a whole. The Ordinance also provides that Spirit Mountain is an agency or instrumentality of the Tribe. Tribal Code section 255.5(a)(2).
ANALYSIS:
Petitioner’s petition, seeking judicial review, broadly alleges each possible ground for this Court’s review of the Final Employment Decision. The only specifics he provides, however, are that the Decision “was made without [his] prior knowledge, and without proper investigation, and without proper proof (no witnesses).” In his pro se brief, Petitioner seems to take issue only with the accuracy of certain portions of the record produced by Spirit Mountain. He contends that, in light of those alleged inaccuracies, the record shows that he was “unjustly terminated” and that the action was “both arbitrary and capricious.” Although Petitioner’s initial petition is broadly framed, and although this Court does not hold pro se filings to the same standard that would apply to the work of attorneys, see Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir.1987) (applying such a lesser standard), this Court understands Petitioner to be raising only two basic objections to the Final Employment Decision: he contends that the decision was arbitrary and capricious, and that it is not supported by substantial evidence in the record.[1] The Court, therefore, will consider only those issues.
A decision is arbitrary and capricious if it runs counter to the evidence or is “so implausible that it could not be ascribed to a difference in view.” In the Matter of Reyn Leno, Case No. C-99-10-001 at 6, 2 Am. Tribal Law 89, 95, 2000 WL 35719153. That is, there must be rational connection between the facts and the decision to be made. Brandon v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, 18 ILR 6139, 6140 (1991). “Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from *36 the evidence.” Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994) (citation omitted). See also Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995) (same). Here, reviewing the evidence in light of those standards, the Court concludes that the Final Employment Decision was not arbitrary and capricious and that it was supported by substantial evidence.
Nothing about the Final Employment Decision appears to be arbitrary or capricious. Petitioner had already been warned about what he said and did at work. He had already been suspended once. Despite those prior warnings, his inappropriate behavior continued and apparently worsened. Spirit Mountain was not required to continue to warn and counsel Petitioner, who did not seem to be getting or understanding Spirit Mountain’s message. The Decision also was supported by substantial evidence. Petitioner points to what appear to be rather inconsequential discrepancies in the record, such as the exact date on which he was fired and whether he ran his hand or a marker up the female employee’s leg, but those discrepancies, if they are ones, do not detract from the substantial evidence that underlies Spirit Mountain’s Final Employment Decision here. The issue is not whether every decisionmaker would reach the same decision as the one reached by Spirit Mountain, but rather whether the employer was entitled to make the decision it made. Here, the Court has no difficulty in concluding that the Spirit Mountain’s Decision was a reasonable one that was based on substantial evidence.
CONCLUSION:
The Court concludes that the Final Employment Decision was not arbitrary and capricious and that the decision was a reasonable one based on substantial evidence.
IT IS THEREBY ORDERED:
The Final Employment Decision is hereby AFFIRMED.

. Responding to concerns raised by the Court pre-trial, Spirit Mountain has briefed the issues of whether Petitioner was deprived of due process or equal protection because he was not afforded an IRB hearing either before or after losing his job. Although the Court’s concerns remain, Petitioner does not appear to have raised or pursued those issues no matter how generously or broadly his filings are read. Therefore, the Court will not further consider or address those issues in this case.