ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Chief Judge.
ISSUE PRESENTED:
Petitioner, was employed by Spirit Mountain Gaming, Inc., dba Spirit Mountain Casino, from October 10, 1995, until his termination on April 26, 2000. His termination was based on Spirit Mountain’s finding that he had made threats, specifically a threat of bodily harm to a supervisor, and that he had made “inappropriate comments while dealing [i]n a live game.” More specifically, Spirit Mountain found that Petitioner had told a co-worker that he wanted to cut off a supervisor’s ear and mail it to the supervisor’s children. Spirit Mountain also found that Petitioner had made an inappropriate comment about the Elian Gonzales matter while he was dealing a live poker game. Petitioner appeals from Spirit Mountain’s decision to fire him.
BACKGROUND:
The events that led to Petitioner’s firing are summarized above. The comment about Elian Gonzales allegedly was that Petitioner said that it would take one bullet to resolve the situation and that “it would only take a rope and cement block to take care of him.” With respect to the statement about his supervisor, Petitioner admits having said some “stupid things.” He states that he does not remember the supposed comments about the Elian Gonzales matter.
Petitioner’s explanation for his ill-advised statements is somewhat compelling. Petitioner contends that his supervisor deliberately pursued Petitioner’s girlfriend and then taunted Petitioner with the, least temporarily successful outcome of that pursuit. According to Petitioner, the supervisor used the employee phone directory, impermissibly, to obtain Petitioner’s home phone number, called Petitioner’s live-in girlfriend at that number, changed Petitioner’s work hours so that he could pursue the girlfriend without interference or competition from Petitioner, used confidences obtained from Petitioner in his pursuit, and ultimately succeeded in having an at least temporary relationship with Petitioner’s girlfriend. The supervisor then used his “conquest” to tease and torment Petitioner. Petitioner explains that the stress caused by this ongoing torment may have led him to say “some stupid things,” but that he never meant to hurt anyone.
Until the incidents that led to Petitioner’s firing, he appears to have had a relatively successful career at Spirit Mountain. Most of his performance evaluations were positive and some supervisors believed that he might become a supervisor himself someday. However, in May 1997, Petitioner had allegedly made remarks to another employee that upset her, and in February 1998, he had driven somewhat recklessly in the casino parking area and was confronted by a security officer. In each instance, he was given a written warning regarding his conduct.
STANDARD OF REVIEW:
The Tribe’s Employment Action Review Ordinance, Tribal Code section 255.5(d)(8), provides that the Court may reverse a Final Employment Decision, in whole or in part, if the employee’s substantial rights have been denied because the decision: (A) *38 violates applicable provisions of the Tribal Constitution; (B) violates applicable provisions of Tribal law; (C) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable law; or ■(D) is not supported by substantial evidence in the record. The Ordinance also prorides that Spirit Mountain is an agency or instrumentality of the Tribe. Tribal Code section 255.5(a)(2).
ANALYSIS:
In this case, the only claim raised by Petitioner is that the decision to fire him was arbitrary and capricious or represented an abuse of discretion.[1] This Court’s standard of review of such a claim is quite limited. The applicable standard of review “ ‘is narrow and the reviewing Court may not substitute its judgment for that of the agency [or employer].’ ” In the Matter of Reyn Leno, 2 Am. Tribal Law 89, 95, 2000 WL 35719153 at 4, quoting O’Keeffe’s, Inc. v. U.S. Consumer Product Safety Commission, 92 F.3d 940, 942 (9th Cir.1996). See also Moreland, at 35-36, 2001 WL 36155773 at 2 (decision is not arbitrary and capricious if there is a rational connection between the facts and the decision; citations omitted).
Constrained by its limited standard of review, the Court cannot say that, here, Spirit Mountain’s decision to fire Petitioner was arbitrary and capricious or represented an abuse of discretion. Petitioner’s story is a sympathetic one, in which he is the victim of a supervisor bent on interfering with his private life and taunting him with the results. Nevertheless, and assuming for purposes of this discussion that Petitioner’s version of events is accurate, Spirit Mountain was not required to overlook or excuse either Petitioner’s rather grisly threat regarding the supervisor or his somewhat intemperate statements about the Elian Gonzales matter. The issue is not whether the Court necessarily agrees with Spirit Mountain’s decision, but whether the employer was entitled to make that decision. Simply put, here, based on the evidence before it, Spirit Mountain was entitled to decide to terminate Petitioner’s employment. That is all the Court can, and does, decide.
CONCLUSION;
The Court concludes that the decision to terminate Petitioner’s employment was not arbitrary and capricious or an abuse of discretion.
IT IS HEREBY ORDERED:
The Final Employment Decision is AFFIRMED.

. Because his job was terminated on the basis that he had made threats, Petitioner did not receive an Internal Review Board hearing or any other hearing either before or after being fired. Spirit Mountain Employee Handbook at 8-4 (providing that certain "issues" are not "eligible” for an IRB hearing). This Court has recently expressed its concerns about the constitutional sufficiency of such a process (or lack of process), Moreland v. Spirit Mountain Casino, 3 Am. Tribal Law 33, 35, 2001 WL 36155773 at 3 n. I, but here, as in Moreland, the Court concludes that the issue has not been raised and, therefore, that it is not before the Court.